George J. Beloock, J.
Defendants move to dismiss the amended complaint under rule 107 of the Buies of Civil Practice solely upon the ground that the alleged causes of action are barred by a two-year Statute of Limitations provided in the so-called Portal-to-Portal Act of 1947 (U. S. Code, tit. 29, § 255).
There are two causes of action set forth in the amended complaint. The first is for unpaid overtime compensation, together with liquidated damages and attorneys’ fees, as provided by statute. The second is for unpaid overtime compensation pursuant to a collective bargaining agreement between an employees’ association, of which plaintiff is a member and an employers’ association, of which defendant is a member. The claim for unpaid overtime compensation under both causes of action is for the period from July 14, 1946, to the latter part of December, 1947.
*688 The supplemental summons and second amended complaint were served on December 16, 1949. Defendants urge that accordingly, applying the two-year limitation provided under the Portal-to-Portal Act, all claims on both causes of action which accrued prior to December 16, 1947, are outlawed.
In opposition plaintiff claims that the motion to dismiss should be denied as to the first cause of action and that the two-year bar of the Portal-to-Portal Act, should not be invoked because of certain acts of misconduct on the part of the defendants. As to the second cause of action, plaintiff claims that it is based entirely on an alleged breach of contract and, therefore, the two-year bar is not applicable.
It follows that if the Statute of Limitations contained in the Portal-to-Portal Act is applicable to the first cause of action, the same would be barred (except for one week’s overtime). However, it appears that the second cause of action is not based upon such act but upon an alleged breach of a collective bargaining agreement. In this connection, while the defendants originally urged that the act would apply to the second cause of action, they later asserted in the reply affidavits that in any event there is a six-month limitation set up in the collective bargaining agreement itself with respect to the commencement of an action thereunder. On such limitation it is claimed the second cause of action would be barred.
This court will first deal with said second cause of action.
Defendants’ original attack has been met by plaintiff’s affidavit indicating that this second cause of action is not founded on the Fair Labor Standards Act of 1938 (U. S. Code, tit. 29, § 201 et seq.) However, plaintiff has not had the opportunity to meet the claim made in the reply affidavits with respect to the six-anonth limitation in the collective bargaining agreement. The shift in defendants’ attack on the second cause of action is a belated one. As this motion is made under rule 107, it is my view that the provisions of rule 108 should be invoked, the objection overruled and the court in its discretion should £ £ allow the same facts to be alleged in the answer as a defense.” The motion to dismiss the second cause of action is, accordingly, denied without prejudice to defendants’ right to plead such matter in the answer.
The first cause of action is clearly brought under the Fair Labor Standards Act. Thus, in the absence of any other factors, the two-year limitation would require the granting of the motion to dismiss. However, there are here present certain unusual circumstances which warrant a contrary disposition. Plaintiff *689 charges the defendants with perjury in connection with an affidavit and has set forth certain conduct on the part of the defendants which it is urged creates an estoppel, preventing the defendants from taking advantage of the two-year Statute of Limitations.
It would be well to recite the circumstances referred to. The defendants named in the present action are Joe Friedman and Fay Friedman, doing business as Joe Friedman Hat Co. Originally, plaintiff instituted an action in this court against the corporation, Joe Friedman Hat Co., Inc., and on June 25, 1948, effected service upon Joe Friedman as its president. The cause of action was predicated upon the same claim for the same period, namely, for alleged overtime from July 14, 1946, to the latter part of December, 1947. At the time of the service of the summons and complaint upon the corporation, the two-year Statute of Limitations of the Portal-to-Portal Act admittedly had not run against plaintiff’s claim.
Shortly thereafter an application was made on behalf of the defendant named in that action, Joe Friedman Hat Co., Inc., to compel plaintiff to submit to arbitration pursuant to a collective bargaining agreement. That motion came on to be heard before me while sitting in Special Term, and I denied the application. (Friedman Hat Co. v. Safrin, 82 N. Y. S. 2d 873.) I there held that any provision in a collective bargaining agreement providing for arbitration could not be enforced when in conflict with an employee’s substantive right under the Fair Labor Standards Act of 1938.
The moving papers on the application to compel arbitration were based upon the affidavit of Joe Friedman, signed by him as president of Joe Friedman Hat Company, Inc. Attached to the petition was the usual form of verification in which Joe Friedman swore that the defendant was a domestic corporation and that he was its president. The petition itself contained an affirmative allegation that Joe Friedman Hat Company, Inc., was ‘1 a domestic corporation organized, and existing under and by virtue of the laws of the State of New York and has its principal office in the City, County and State of New York.”
Notwithstanding the averment in said affidavit as to the existence of the corporation it appears that after the denial by me of the motion to compel arbitration an answer was interposed containing a general denial of those paragraphs of the complaint which alleged the defendant to be a domestic corporation. This was not by specific denial in allegation form that no such corporation existed, but rather in general language deny *690 ing the allegations of paragraphs 4 and 16 of the complaint (which included the pleading that the defendant is a domestic corporation).
On September 30,1948, plaintiff served an amended complaint again alleging that the defendant was a domestic corporation. An amended answer was then served on October 16,1948, which again in general language and not specifically denied the allegations of the complaint as to the corporate status.
In. March, 1949, plaintiff moved for an examination before trial which was granted. One of the items involved in the examination was whether defendant was a domestic corporation. The examination was held in May, 1949, and plaintiff states that for the first time he then ascertained that the corporation, Joe Friedman Hat Company, Inc., had been dissolved in September, 1944. At such examination Joe Friedman also testified that since September, 1944, when the corporation was dissolved, he had been carrying on the same business at the same address as a partnership operated by himself and his wife under the trade name of Joe Friedman Hat Company.
Thereafter, plaintiff moved in the action against the corporation to substitute the partners as party defendants, and that motion was properly denied by Mr. Justice Walsh (195 Misc. 387). Plaintiff thereupon commenced a new action, the present one, against the proper party defendants.
As adverted to above, by the time the present action had been commenced against the proper defendants, more than two years elapsed after the claim accrued (except for one week thereof).
There is no satisfactory explanation by the defendants for the false statements contained in the petition and verification which were submitted to me on the motion to compel arbitration.
Clearly, the Statute of Limitations has run against plaintiff’s first cause of action. That does not mean, however, that defendants may not be estopped from taking advantage of the statute by reason of their acts and conduct above referred to. The statute of limitations was never intended to be used as a sword but rather as a shield. It is an accepted general principle of law that when a defendant, electing to set up the statute of limitations, has previously by his own deception or violation towards a plaintiff caused him to subject his claim to the statutory bar, he may be charged with having wrongfully obtained an advantage which the court will not allow him to hold. (53 C. J. S., Limitations of Actions, § 25, p. 963.)
As was stated by the court in Conklin v. Furman (48 N. Y. 527, 529): “ The statute of limitations was intended as a statute *691 of repose, to prevent fraud and to afford security against stale demands which might be made after the true state of the transaction may have been forgotten, or be incapable of explanation by reason of the death or removal of witnesses.”
It has been held that where a defendant has deceived the plaintiff or lulled him into a false sense of security, the doctrine of equitable estoppel may be invoked to prevent such defendant from reaping the benefits of his own wrongdoing, and in such case he may be estopped from asserting the bar of the statute of limitations. (Clarke v. Gilmore, 149 App. Div. 445.) In that case the court said (p. 450): “ Where one has obtained an advantage by fraud, equity will not permit him to hold it by resorting to the Statute of Limitations.” Wfiiile Clarke v. Gilmore was an action in equity, the principle of estoppel may well apply in this case and be available to this plaintiff. This principle of estoppel was applied in an action at law, i.e., for conversion, in Feinberg v. Allen (143 App. Div. 866, affd. 208 N. Y. 215).
The facts and circumstances which are here present, which plaintiff urges warrant a finding of an estoppel, may upon the trial be sufficient to prevent the defendants from applying the Statute of Limitations as a bar.
This motion to dismiss having been made under rule 107 of the Eules of Civil Practice, the relief should not be granted unless it clearly appears without any substantial dispute that the cause of action is barred. (Press v. Draper, 139 Misc. 263, 264.) I am satisfied that plaintiff’s affidavit creates a sufficient issue to warrant the denial of this motion to dismiss. Under rule 108, it is provided that if a plaintiff shall present affidavits stating facts “tending to obviate the objection” under rule 107, the court in its discretion may allow the plaintiff to amend the complaint, or it may direct that the questions of fact be tried by a jury, or it may overrule the objections and allow the facts to be alleged in the answer as a defense.
In this case the interests of justice will best be served by a denial of the motion to dismiss, by the interposition of an answer setting forth the defense of the Statute of Limitations and by a trial of the issue of estoppel.
Motion denied. Submit order providing that defendants may answer within 20 days after service of a copy of the order to be entered hereon, with notice of entry thereof.