Burke, J.
Plaintiff instituted this suit to recover the sum of $32,985.63 on the ground that defendant converted this amount out of petty cash funds during the period of January, 1953 to July, 1962 while in its employ as head bookkeeper. It further alleged that defendant fraudulently concealed her defalcations whereupon they did not come to plaintiff’s notice until about November, 1962. Defendant generally denied the complaint in her answer and interposed as an affirmative defense the three-year conversion Statute of Limitations (CPLR 214). The jury awarded plaintiff $8,500.
*127 The trial court reduced the amount of award granted by the jury from $8,500 to $2,951 on the theory that all plaintiff’s claims which accrued prior to 1961 were time barred by the three-year statute. Plaintiff’s contention that this affirmative defense could not be asserted by defendant because of the doctrine of equitable estoppel was rejected by the-trial court on the law. Furthermore, the sum of $940 paid pursuant to a- previous criminal adjudication was applied to the reduced jury verdict. The Appellate Division, Second Department, unanimously affirmed.
The cases relied upon do not support the decision of the courts below. In Guild v. Hopkins (271 App. Div. 234 [1st Dept., 1946], affd. without opn. 297 N. Y, 477 [1947]) the First Department held that mere ignorance or lack of discovery of the wrong is not sufficient to toll the Statute of Limitations, which commences running when the wrong is perpetrated. That' this is true of conversion actions is unquestionable. Moreover, in the Guild case the court made an affirmative finding of negligence and acquiescence on the part of the plaintiff in his failure to discover the conversion, which finding would even negate the effect of CPLR 206 which tolls the statute in cases of fraud.
In the second case relied upon below, Varga v. Credit-Suisse (2 A D 2d 596 [1st Dept., 1956], affd. without opn. 5 N Y 2d 865 [1958]), there is no mention in the Appellate Division opinion of the doctrine of equitable estoppel- — the only issue dealt with therein was jurisdiction over the defendant. Nowhere was the applicability of equitable estoppel considered. Consequently neither case supports the court’s determination that equitable estoppel cannot be raised to exclude the defense of the Statute of Limitations.
Plaintiff does not argue that the statute has been tolled, or that the cause of action did not accrue until discovery, but rather that the doctrine of equitable estoppel should be applied — because of defendant’s affirmative wrongdoing and concealment — to prevent defendant from asserting the Statute of Limitations. The principle that a wrongdoer should not be able to take refuge behind the shield of his own wrong is a truism. The United States Supreme Court has espoused the doctrine in these terms: “ To decide the case we need look no further than the maxim- that no man may take advantage of his own wrong. *128 Deeply rooted in our jurisprudence this principle has been applied in many diverse classes of cases by both law and equity courts and has frequently been employed to bar inequitable reliance on statutes of limitations.” (Glus v. Brooklyn Eastern Term., 359 U. S. 231, 232-233 [1959].) Thus in Erbe v. Lincoln Rochester Trust Co. (13 A D 2d 211 [4th Dept., 1961]), the Appellate Division properly ruled that the defendants, trustees of an estate of which plaintiffs were beneficiaries, could not-take advantage of their affirmative concealment of a breach of fiduciary duty, and that the issue of equitable estoppel could thus be raised at the trial in answer to the defense of the Statute of Limitations. (See Clarke v. Gilmore, 149 App. Div. 445 [1st Dept., 1912]; Dodds v. McColgan, 229 App. Div. 273 [1st Dept., 1930]; Safrin v. Friedman, 27 Misc 2d 687 [Sup. Ct.], affd. without passing on this question 277 App. Div. 1138 [2d Dept., 1950].)
"When in 1961 a new section 34 was added to the Personal Property Law, the Law Revision Commission pointed out that a party may be estopped by his conduct from asserting that the statutory time limitation has expired, citing the Glus and Safrin cases (supra). The substance of this section is now contained in the General Obligations Law (§ 17-103, subd. 4, par. b): “This section * * * does not affect the power of the court to find that by reason of conduct of the party to be charged it is inequitable to permit him to interpose the defense of the statute of limitation ’ ’. Our courts have long had the power, both at law and equity, to bar the assertion of the affirmative defense of the Statute of Limitations where it is the defendant’s affirmative wrongdoing — a carefully concealed crime here — which produced the long delay between the accrual of the cause of action and the institution of the legal proceeding. (Feinberg v. Allen, 143 App. Div. 866 [3d Dept., 1911], affd. 208 N. Y. 215 [1913]; Safran v. Friedman, supra.) Consequently, the admitted thievery of defendant entitles plaintiff to litigate the issue of equitable estoppel. This is not to say that plaintiff will' necessarily prevail. In reply to the assertion of equitable estoppel defendant may well be able to show, as she alleges on this appeal, that it was solely due to the negligence of plaintiff and the acquiescence of its corporate officers that it was unable to discover the conversion until several years *129 had elapsed. This raises issues of fact to be resolved at the new trial.
As to the $940 returned to plaintiff pursuant to defendant’s criminal conviction for attempted forgery, it was error for the trial court to apply this amount to the money owing plaintiff since 1961. If at the new trial plaintiff prevails on the issue of equitable estoppel, this question is rendered moot, since the entire jury verdict will be recoverable, less the $940. If, however, defendant is successful on the Statute of Limitations question, then it must be held that the $940 already repaid applies to moneys stolen prior to the time the statute barred recovery. Defendant’s criminal conviction was for moneys converted between 1959 and 1962, most of this money being stolen prior to the three-year cut-off point. Moreover, in this case the debtor failed to stipulate to what amount the $940 should be applied. In such a case, it is the creditor’s option to allocate the payment as he sees fit and, if he fails to do so, the courts must equitably determine the proper allocation. (Smith v. Rothman, 6 A D 2d 859 [1st Dept., 1958], affd. without opn. 6 N Y 2d 793 [1959]; Shahmoon Ind. v. Peerless Ins. Co., 16 A D 2d 716 [3d Dept., 1962]; Lichtenstein v. Grossman Constr. Corp., 248 N. Y. 390 [1928].) The creditor, plaintiff herein, wishes it applied to the debt outstanding prior to 1961, and in our opinion this is the only equitable determination allowed by the circumstances.
The order of the Appellate Division should be reversed on the law and a new trial granted.
Chief Judge Desmond and Judges Fuld, Scileppi, Bergan and KeatiNg concur with Judge Burke; Judge Vast Voorhis dissents and votes to affirm.
Order reversed and a new trial granted, with costs to abide the event.