Marshall E. Livingston, J.
This motion is brought for an order staying arbitration, under CPLR 7503, in an automobile negligence suit.
The question to be decided is whether or not the petitioner is barred by the 10-day limitation of time fixed in CPLR 7503 (subd. [c]).
The key paragraph of the affidavit submitted by the attorney for the petitioner reads as follows: ‘‘ 6. That on or about the 21st day of May, 1969, your petitioner herein received by mail a Demand for Arbitration, a copy of which is annexed hereto and marked Exhibit ‘ A The attorneys for the respondent, on May 29, 1969, gave your deponent’s office a one-week extension of time within which to either move for a stay of arbitration or respond to the Demand for Arbitration. Accordingly, the within application is timely made.”
Petitioner’s notice of motion was made and served on June 3, the 13th day, and was returnable more than one month thereafter, on July 8,1969.
On these facts, the first matter for determination is the conclusion asserted in the last sentence of paragraph “6 ” of the affidavit: “ Accordingly, the within application is timely made.”
Unfortunately for the petitioner, the Court of Appeals on April 23,1969, affirmed, without opinion, a decision of the Appellate Division, First Department (Matter of Jonathan Logan Inc. [Stillwater Worsted Mills], 31 A D 2d 208, affd. 24 N Y 2d 898). In that instance, an order to show cause bringing on an application to stay arbitration was signed by the Judge on the 9th day, made returnable on the 20th day and was not served until the 16th day. The order contained a stay of all proceedings until the matter was heard. The Appellate Division held that the proceeding was commenced with the service of the order to show cause.
The opinion of the court by Mr. Justice Eageb, in part stated (p. 211): “ Finally, the conclusions herein reached find support in the cardinal rule that, whenever possible, statutes should be construed and applied in such a manner as to give effect to the general purpose for which they were enacted. (See McKinney’s, Statutes, §§ 92, 96.) It is well known that article 75 of the CPLR was enacted for the purpose of promotion of arbitration as a means for the expeditious settlement of disputes * * * Such purpose would be thwarted by a construction *218 which would permit the extension, by order to show cause or otherwise, of the time for the making of an application to the court for a stay of arbitration as to which notice is duly given.”
I see no distinction between a notice of motion made pursuant to an extension of time granted by respondent and the order to show cause which purported to extend the 10-day time périod within which an “ application to stay arbitration must be made ” (CPLR 7503, subd. [c]).
CPLR 201 provides in part: “No court shall extend the time limited by law for the commencement of an action ’ ’. This applies to CPLR 7503 (subd. [e]) for the reason that an action is intended to include a special proceeding, such as arbitration (see Second Preliminary Report of Advisory Comm. or Practice and Procedure, N. Y. Legis. Doc., 1958, No. 13, p. 45 and CPLR 105, subd. [b]).
Therefore, it seems to me that if the court is prevented from extending the time, certainly an attorney for either party should not be permitted to waive his client’s rights by agreeing to enlarge the period prescribed by law (cf. United States v. Curtis Aeroplane Co., 50 F. Supp. 477, affd. on reh. 52 F. Supp. 328).
The reliance by petitioner’s attorney on the extension granted by respondent’s attorneys to accommodate the petitioner is understandable, but it cannot validate the notice of motion served after the 10-day period within which CPLB 7503 requires it to. be .served.
Submit order, denying petitioner’s application for a stay, together with costs of this motion.