George Beisheim, Jr., J.
This is an application by petitioner, Allstate Insurance Company, for an order staying arbitration demanded by the respondents, Adelaide Carrillo and Carmen Perez, arising from an alleged motor vehicle collision.
On March 11, 1971, the respondents were passengers in a motor vehicle owned by Two Brothers Taxi Service Corporation and operated by Hector Rodriguez when said vehicle allegedly collided with a motor vehicle owned by Corine Givens and operated by John Givens. The vehicle owned by Two Brothers Taxi was insured by the petitioner, Allstate Insurance Company, and Corine Givens’ vehicle was allegedly noninsured, the Aetna Life and Casualty Company having stated by letter to Corine Givens that the Corine Givens’ liability policy issued by Aetna had been canceled on July 2, 1970, prior to the date of1 the alleged collision.
Respondents previously have commenced an action for damages allegedly resulting from said collision against the owners and operators of both vehicles in the Supreme Court, Bronx County. An answer on behalf of John Givens and Corine Givens, as their interest may appear pursuant to article 17-A of the Insurance Law interposed by Motor Vehicle Accident Indemnification Corporation, alleges, inter alia, an affirmative defense that MVAIC is not liable to plaintiffs because they were passengers in an insured vehicle, Two Brothers Taxi, at the time and place of the collision referred to in the complaint. *351 Said vehicle was allegedly insured by Allstate Insurance Company under a provision in its policy issued to Two Brothers Taxi insuring against damages caused by noninsured motorists.
Pursuant to CPLR 7503 (subd. [c]), respondents served the petitioner by certified mail, return receipt requested, with a notice of intention to arbitrate their alleged claim against the Givens’ vehicle, which notice was received on September 9, 1971. The notice contained all the necessary requirements of the statute which validate such a notice, and the service thereof was made in accordance with the direction embodied in CPLR 7503 (subd. [c]), providing: “ Such notice shall be served in the same manner as a summons or by registered or certified mail, return receipt requested ’ ’.
Subsequently, petitioner, after respondents had stipulated to extend their time to apply for a stay of arbitration beyond the 10-day statutory limit to February 2, 1972, by order to show cause dated January 14, 1972, providing for service upon the attorney for the respondents on or before January 17, 1972, returnable January 28, 1972, made the instant application to stay arbitration. The service of said order to show cause pursuant to the authorization contained therein was made by regular mail. CPLR 7503 (subd. [c]) contains an identical requirement for the service of an application to stay arbitration as it prescribes for the service of a notice of intention to arbitrate, to wit, that it “ shall be served in the same manner as a summons or by registered or certified mail, return receipt requested ’ ’.
Thus, the threshold issues in this proceeding are: whether, in apparent contravention of the statute (CPLR 7503, subd. [c]), service (1) upon the attorney for the respondents instead of the respondents personally, and (2) by regular mail instead of by registered or certified mail, return receipt requested, is sufficient to obtain jurisdiction over the respondents when such manner of service has been directed by the order to show cause instituting the proceeding, and (3) whether service after the 10-day statutory period is a jurisdictional defect when the parties have stipulated to such an extension of time.
The Court of Appeals, in Matter of Knickerbocker Ins. Co. (Gilbert) (28 N Y 2d 57), held that the application for a stay of arbitration commences and is a special proceeding. The Court of Appeals also stated in the Gilbert case, at page 65, that service of a notice to stay arbitration upon an attorney who has served a notice to arbitrate on behalf of claimants was a proper means of commencing the proceeding to stay arbitration. *352 In the ease at bar, the respondents’ attorney, with considerable ingenuity, attempted to circumvent the decision of the Court of Appeals in the Gilbert case, by deleting from his demand for arbitration, submitted on the form of the American Arbitration Association, the claimant would be bound by the .rules of procedure of the American Arbitration Association, and by affirmatively asserting that claimant should be bound only by the provisions of CPLR 7503 and other statutes relating thereto initiating arbitration proceedings. In the opinion of this court, by doing so, he circumvented some of1 the legal arguments contained in the Gilbert decision, but not all of them. Moreover, the record reveals that the attorney for the respondents and the attorneys for the petitioner had been in telephone conversation in an effort to ascertain whether, as a matter of fact, the Givens ’ automobile was or was not insured by Aetna Insurance Company at the time of the accident. In the commendable effort to save both parties as well as the court the time and trouble of formally resolving this question, it appeared that both attorneys were trying to ascertain the facts informally, if it were possible to do so. In any event, it appears from the record that on September 17, 1971, the attorney for the petitioner wrote the attorney for the respondents stating, among other things: ‘ ‘ Therefore, pursuant to your suggestion, my time to apply for a stay of arbitration is extended 45 days from September 9th, which is the date of service of your demand upon the Allstate Insurance Company. This additional period of time will allow you to fully investigate all facts of the within action and determine what the proper forum for this matter should be ”.
Thereafter, it appears that on October 28, 1971, Robert Tschorn of the claim department of Allstate Insurance Company wrote respondents ’ attorney as follows: 1 ‘ This will serve to confirm our phone conversation of October 18, 1971, wherein you stated that you were in receipt of an FS 25 from Albany showing that the other vehicle involved was insured at the time of the accident, and also, that you have extended the time'in which we may apply for a stay of arbitration until February 2, 1972-”.
The foregoing facts clearly indicate that respondents’ attorney was completely informed as to the position of petitioner and that it was at his suggestion that the petitioner deferred making its application to stay arbitration proceedings for 45 days, and it was upon the consent of respondents’ attorney that the time to demand a stay of arbitration was *353 further extended until February 2, 1972. The application of petitioner, brought on by order to show cause, to stay the arbitration was made well before the February 2, 1972 deadline and admittedly received by respondents’ attorney even though it was posted to him by regular mail rather than registered or certified mail.
Under these facts, the court finds that the actions of1 respondents’ attorney upon which petitioner relied operate as an estoppel barring respondents from raising the question as to the time and method of service of the application to stay arbitration (Robinson v. City of New York, 24 A D 2d 260). In the Robinson case, Justice Eager, writing for the court, said (p. 263): 11 Dependent upon the circumstances, however, the doctrine of equitable estoppel may be applied to preserve the rights of a party who has postponed action in conformity with an agreement with a defendant for a stay of suit. A defendant’s consent to or inducement of the stay or postponement of suit may estop him from urging the Statute of Limitations as a defense. The Legislature has expressly recognized ‘ the power of the court to find that by reason of conduct of the party to be charged it is inequitable to permit him to interpose the defense of statute of limitation ’. (See General Obligations Law, § 17-103 [formerly Personal Property Law, § 34].) So, generally stated, where the agreement, representations or conduct of a defendant have caused a plaintiff to delay suit on a known cause of action until the Statute of Limitations has run, the courts will apply the doctrine of estoppel to prevent an inequitable use by the defendant of the statute as a defense. (See 1 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 201.13; 53 C. J. S., Limitations of Actions, § 25; Glus v. Brooklyn Eastern Term., 359 U. S. 231, 232-233; Erbe v. Lincoln Rochester Trust Co., 13 A D 2d 211; Safrin v. Friedman, 27 Misc 2d 687, affd. 277 App. Div. 1138; also, 1961 Report of N. Y. Law Rev. Comm., p. 97; Ann. 130 A. L. R. 8; 24 ALR 2d 1414, and cases cited.) ”
In addition to the finding of the estoppel aforesaid, this court also agrees with Mr. Justice Fanelli, in his decision in Matter of Liberty Mut. Ins. Co. (Keane) (N. Y. L. J., March 6, 1967, p. 21, col. 4): “In the absence of any claim or proof of prejudice on the part of respondent, this court is of the opinion that the purpose of the statute has been fulfilled in the case at bar even though such motion papers were served by petitioner by ordinary mail rather than by registered or certified mail
*354 The court, in arriving at its decision, has not overlooked the case of Matter of General Acc. Fire & Life Assur. Corp. (Cerretto) (60 Misc 2d 216), where the learned Justice of the Supreme Court, Monroe County, held that the reliance by petitioner’s attorney on an extension granted by respondent’s attorneys did not validate a notice of motion served after the 10-day period within which CPLR 7503 requires it to be served. This court believes that the facts constituting an estoppel were not nearly so strong in the Cerretto case as they are in the case at bar. Moreover, the court is of the opinion that the court in Cerr-eMo erred when it equated an extension of time by the party to whose benefit the Statute of Limitations inured with the extension ex parte by a court upon the application of the adverse party. In the court’s opinion, it is well established law that a person may, if he so desires, extend the time of another person with an adverse interest to himself to do some act which, if not extended, would be barred by the statutory period (Robinson v. City of New York, 24 A D 2d 260, supra).
Accordingly, this court refers petitioner’s application to Special Term, Part III-A, of this court for a hearing or trial to hear and determine the issue of whether the Givens’ automobile at.the time of the accident in question was insured by Aetna Insurance Company or some other insurance company, or was uninsured.