Richard Akbar **SALAHUDDIN**, et ano., Plaintiffs,

v.

Thomas A. **COUGHLIN**, III, et al., Defendants.

No. 83 Civ. 4734 (JES).

United States District Court, S.D. New York.

Oct. 16, 1986.

Richard Akbar Salahuddin, pro se.

Robert Abrams, Atty. Gen. of N.Y., New York City (Arnold D. Fleischer, Asst. Atty. Gen., of counsel), for defendants.

SPRIZZO, District Judge:

Plaintiffs *pro se* Richard Akbar Salahuddin and Larry Gurley, bring this action pursuant to 42 U.S.C. §§ 1981, 1983, and 1985(3)(1982) seeking a declaratory judgment, damages, and injunctive relief. Defendants, the State of New York, the Governor of New York, the Department of Correctional Services ("DOCS"), the Commissioner of the DOCS, past and present Superintendents of the Greenhaven Correctional Facility ("Greenhaven"), and several employees of Greenhaven, move to dismiss plaintiffs' complaint pursuant to Fed.R. Civ.P. 12(b)(6). Specifically, defendants argue that plaintiffs' complaint is barred by the applicable statute of limitations. For the reasons set forth *infra*, defendants' motion to dismiss is granted.

## BACKGROUND

Although plaintiffs' complaint alleges twenty-four causes of action, for the purposes of this motion, plaintiffs' allegations can be stated succinctly. On May 3, 1980, plaintiffs, who at the time were prisoners incarcerated at Greenhaven, were late in returning back to their housing area after attending religious services. *See* Complaint at ¶¶ 16–18. According to the complaint, plaintiffs were late because the corrections officer on duty failed to notify the plaintiffs of the time. *See id.* at ¶ 17. As a result of this incident, on May 5, 1980, plaintiffs were issued disciplinary tickets. An Adjustment Committee hearing was held on that same day. *See id.* at ¶¶ 21–22. At that hearing, plaintiffs allegedly were found guilty of failing "to cooperate with facility 'count' procedures" and plaintiffs were sentenced to three days "keep lock," sentence suspended for ninety days. *See id.* at ¶¶ 25, 27.

Plaintiffs complain that their constitutional rights were violated prior to and during that hearing. *See id.* at ¶¶ 20–29. The gravamen of plaintiffs' claim is that they were denied due process because the defendants failed to properly investigate the incident before preparing a disciplinary

report, the defendants failed to provide the plaintiffs with a copy of the disciplinary report prior to the May 5th hearing, and the defendants improperly prepared the disciplinary report. *See id.* at ¶¶ 21–24. Plaintiffs also allege that their constitutional rights were violated when the Superintendant of Greenhaven Mr. Keenan, or members of his office, reviewed and "sustain[ed]" the adjustment committee decision "directly after" the May 5, 1980 hearing. *See id.* at ¶¶ 30–31, 55–58.

It is undisputed that plaintiffs' complaint was not received in the Office of the Pro Se Clerk until June 6, 1983.

## DISCUSSION

■■■ Congress has not set forth a federal statute of limitations for actions pursuant to 42 U.S.C. §§ 1981, 1983, and 1985(3), and therefore the Court must borrow the most analogous state law statute of limitations, so long as that limitations period is not inconsistent with federal law. *See* 42 U.S.C. § 1988; *Board of Regents v. Tomanio,* 446 U.S. 478, 484–485, 100 S.Ct. 1790, 1795, 64 L.Ed.2d 440 (1980); *Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 462, 95 S.Ct. 1716, 1721, 44 L.Ed.2d 295 (1975). The most appropriate state law statute of limitations for the present action is the New York statute governing actions based upon personal injury. *See Wilson v. Garcia,* 471 U.S. 261, 266–267, 105 S.Ct. 1938, 1942, 85 L.Ed.2d 254 (1985); *Martin v. City of New York,* 627 F.Supp. 892, 900 (E.D.N.Y.1985); *Ladson v. New York Police Dep't.,* 614 F.Supp. 878, 879 (S.D.N.Y. 1985); *Williams v. Allen,* 616 F.Supp. 653, 655 (E.D.N.Y.1985). Therefore, the relevant statute, is N.Y.Civ.Prac.Law § 214(5) (McKinney 1975), which provides for a three year limitations period.

Plaintiffs' cause of action arose when plaintiffs knew or had reason to know of their alleged injury. *See Keating v. Carey,* 706 F.2d 377, 382 (2d Cir.1983); *Singleton v. City of New York,* 632 F.2d 185, 191 (2d Cir.1980) *cert. denied,* 450 U.S. 920, 101 S.Ct. 1368, 67 L.Ed.2d 347 (1981). Plaintiffs assert in their memorandum of law that all of the actions allegedly committed by the defendants which "plaintiffs complain or [sic] occurred from May 3 thru May 5, 1980." *See* Plaintiffs' Opposition to Defendant's Motion ("P.O.") at ¶ 8.[1] Moreover, plaintiffs' complaint establishes that the plaintiffs were aware of these alleged actions on or before May 5, 1980. Thus, plaintiffs' complaint alleges that the plaintiffs informed the adjustment committee at the May 5th hearing of all of the events which the plaintiffs complain of in the instant action.[2] *See* Complaint at ¶ 25. In light of these undisputed facts, the Court concludes that plaintiffs' cause of action arose on or about May 5, 1980. Plaintiffs did not commence the instant action however, until June 6, 1983, the date when the complaint was received in the Office of the Pro Se Clerk. *See Rosenberg v. Martin,* 478 F.2d 520, 522, n. 1a (2d Cir.) *cert. denied,* 414 U.S. 872, 94 S.Ct. 102, 38 L.Ed.2d 90 (1973). Therefore, plaintiffs complaint on its face appears to be barred by the three year limitations period.

Indeed, plaintiffs concede that under "normal circumstances the defendants would prevail." *See* P.O. at ¶ 10. How-

---

**1.** Three of the twenty-four causes of action alleged in plaintiffs' complaint relate to allegations that the defendant Keenan or members of his office violated plaintiffs' constitutional rights by "sustaining" the adjustment committee decision. *See* Complaint at ¶¶ 30, 31, 55–58. Plaintiffs do not state specifically when Keenan or members of his office reviewed the decision, however, the complaint alleges that the review occurred "directly after the actions taken by defendants ... on May 5, 1980." *See id.* at ¶ 30.

**2.** Plaintiffs argue in their memorandum of law that the plaintiff Salahuddin "was not aware of

the violations of his constitutional rights that had occurred until the later part of 1980," and that the plaintiff Gurley was not aware of the alleged constitutional violations until early 1983 when Salahuddin informed Gurley that his rights were violated. *See* P.O. at ¶ 10. As noted above, however, plaintiffs' complaint makes it clear that the plaintiffs knew or should have known of the injury which forms the basis of their constitutional claim on or before May 5, 1980. This is all that is required to begin the running of the limitations period. *See Singleton, supra,* 632 F.2d at 191.

ever, plaintiffs argue that the defendants should be estopped from asserting a statute of limitations defense. According to the plaintiffs, the defendants caused the plaintiffs to file the action late by interfering with their constitutional right of access to the courts. *See id.* Specifically, plaintiffs allege that, while Salahuddin and Gurley were both prisoners at the Attica Correctional Facility, Salahuddin was confined to his cell for "disciplinary reasons" from March 1, 1983 until May 20, 1983. Salahuddin claims that he completed writing the instant complaint in late March, 1983 and then repeatedly requested to the prison officials that they allow him and Gurley to be brought together "for the purposes of obtaining a notary to attest to the affirming of the original complaint." After these requests were denied, Salahuddin claims that he signed the complaint and had the signature notarized by other prisoners. He then sent the complaint to Gurley on April 26. The complaint reached Gurley on April 28 and, after signing the complaint, Gurley attempted to return the documents to Salahuddin on May 1. The complaint, however, went to the wrong location and it was returned to Gurley one week later. Salahuddin finally received the complaint back from Gurley on May 27, 1983, when the two met at religious services. Salahuddin then arranged for service of the instant complaint. *See generally id.* at ¶ 13.

■ In determining whether the defendants should be estopped from asserting the statute of limitations in the instant action, the Court must look to state law unless that state law is inconsistent with federal law. *See* 42 U.S.C. § 1988; *Chardon v. Fumero Soto,* 462 U.S. 650, 662, 103 S.Ct. 2611, 2619, 77 L.Ed.2d 74 (1983); *Robertson v. Wegmann,* 436 U.S. 584, 98 S.Ct. 1991, 56 L.Ed.2d 554 (1978). Under New York law, a defendant will be equitably estopped from asserting a statute of limitations defense if the defendant's misconduct causes the delay between the accrual of the

cause of action and the institution of the legal proceeding. *See General Stencils, Inc. v. Chiappa,* 18 N.Y.2d 125, 127–128, 272 N.Y.S.2d 337, 339–340, 219 N.E.2d 169, 170–171 (1966).[3] The facts alleged by plaintiffs in support of their estoppel argument, as recited above, however, do not establish that the defendants engaged in any misconduct which caused the plaintiffs to delay the institution of legal proceedings.

■ First, it is clear that the plaintiffs' allegations, which the Court accepts as true for the purpose of this motion, do not establish that the defendants denied plaintiffs access to the courts. Significantly, plaintiffs do not allege that Salahuddin's confinement to his cell from March until the middle of May was in any way improperly designed to foreclose Salahuddin's access to the courts. Moreover, plaintiffs set forth no facts which would justify a finding that the defendants in any way hindered the plaintiffs from communicating with the courts. Instead, plaintiffs' sole claim is that they were denied access to the court because the prison officials at Attica did not facilitate a meeting between Salahuddin and Gurley "for the purposes of obtaining a notary to attest to the affirming of the original complaint." *See* P.O. at ¶ 13. By plaintiffs' own allegations, however, both plaintiffs were able to sign the complaint on their own and have the signatures notarized. *See id.* Although it may have been more convenient for the plaintiffs if the prison officials had allowed them to sign the complaint in each other's presence, prison officials are clearly not required to adopt every measure which may arguably facilitate an inmate's access to the courts. *Cf. Procunier v. Martinez,* 416 U.S. 396, 420, 94 S.Ct. 1800, 1814, 40 L.Ed.2d 224 (1974). All a prisoner is entitled to is an adequate, effective, and meaningful access to the courts. *See Bounds v. Smith.,* 430 U.S. 817, 822, 97 S.Ct. 1491, 1495, 52

---

**3.** The Court notes that in 1973, the New York law was amended to eliminate imprisonment as a ground for tolling the statute of limitations. *See Jackson v. Dillon,* 518 F.Supp. 618, 621 n. 3

(E.D.N.Y.1981); *Kelly v. State of New York,* 57 A.D.2d 320, 323, 395 N.Y.S.2d 311, 314 (Fourth Dept.1977), *aff'd,* 45 N.Y.2d 973, 412 N.Y.S.2d 891, 385 N.E.2d 628 (1978).

L.Ed.2d 72 (1977). No denial of plaintiffs' access to the courts occurred in this case.

Moreover, plaintiffs' allegations establish that it was plaintiffs' conduct and not any action by the defendants which led to the delay in bringing the instant action. Plaintiff Salahuddin waited until two months before the applicable limitations period was to run before completing the complaint. After this delay, even though both Salahuddin and Gurley had signed the complaint as of April 28, plaintiffs still did not arrange for service until May 27. If Gurley had simply arranged for service of the complaint on April 28, instead of inexplicably waiting to return the complaint to Salahuddin, the complaint, in all likelihood, would have been timely filed.

## CONCLUSION

Plaintiffs' argument that the defendants should be equitably estopped from asserting the statute of limitations defense is without merit. Since the complaint was not received in the Office of the Pro Se Clerk until after the applicable statute of limitations period had run, as plaintiffs concede, the Court concludes that defendants' motion to dismiss must be granted. Therefore, it is

ORDERED that the above-captioned action be and hereby is dismissed with prejudice.

It is SO ORDERED.