Richard E. THAXTER, Jr., Plaintiff,

v.

The CITY OF NEW YORK (DEPARTMENT OF ENVIRONMENTAL PROTECTION), Defendant.

No. 88 Civ. 5365 (WCC).

United States District Court, S.D. New York.

Feb. 3, 1989.

Bernard Rolnick, New York City, for plaintiff; Jane Goldberg, of counsel.

Peter L. Zimroth, Corp. Counsel, New York City, defendant; Grace Goodman, Georgia Pestana, Assts. Corp. Counsel, of counsel.

## OPINION AND ORDER

WILLIAM C. CONNER, District Judge.

Plaintiff Richard E. Thaxter, Jr. ("Thaxter") is a seaman employed by the City of New York (the "City"). He brings this suit (1) to recover wages, allegedly earned but unpaid, together with interest and penalties, and (2) seeking damages for the alleged violation of his constitutional rights pursuant to 42 U.S.C. §§ 1983 and 1985. Defendant has moved to dismiss the complaint pursuant to Rule 12(b)(6), Fed.R. Civ.P., for failure to state a claim upon which relief may be granted or, in the alternative, for summary judgment pursuant to Rule 56, Fed.R.Civ.P. The motion is granted in part, and denied in part.

## BACKGROUND

Plaintiff was employed by defendant as a Chief Marine Engineer on sludge vessels operated by the City. Sludge vessels operate within New York Harbor and carry sludge to a dump site twelve miles offshore. They do not operate between ports. Affidavit of John Chen ¶ 4.

Thaxter's first cause of action is for unpaid wages and penalties. Plaintiff alleges that in September, 1982, the City created a "Holiday Bank" savings plan, in which it deposited the overtime wages earned by seamen who work on sludge tankers during their holidays. Thaxter claims that, although the Holiday Bank was terminated on October 15, 1983, the City never accounted for his accumulated overtime wages. Plaintiff demands that the City pay him these wages with interest, as well as penalties, which plaintiff maintains are appropriate under federal law.

Defendant responds that plaintiff, through his union, agreed not to assert any claim for wages placed in the Holiday Bank. Edward O. Wagner, an Assistant Commissioner of the City's Department of Environmental Protection, states that in December 1986, an informal agreement was reached between defendant and Local 2906 of District Council 37 pursuant to which union members would give up their right to their balances remaining in the Holiday Bank in return for the City's promise to forgo collection of excessive payments of overtime wages from October 16, 1983 to December 16, 1986. Affidavit of Edward O. Wagner ¶ 6.

Plaintiff replies that his union did not agree to such an arrangement. In support of this contention, plaintiff submits a union officer's statement: "At the Oct '86 meeting with [the City] Department and Union Reps. present, I was in attendance as an Executive Board member [of the union]. No agreements were reached." Affidavit of James F. Tobin.

Thaxter's second cause of action alleges a breach of his constitutional rights under 42 U.S.C. §§ 1983 & 1985. Specifically, he alleges that, as a prerequisite to entering into any collective bargaining agreements with his union, the City required that union employees waive their rights under New York Labor Law § 220.

Until 1984, "Section 220" or "prevailing rate" employees, such as plaintiff, had the option of having their wages and benefits established pursuant to Section 220, by filing a complaint with the Comptroller of the City of New York, rather than through collective bargaining procedures. According to the City, if it had accepted a collective bargaining agreement without requiring waivers, employees would be free to challenge the agreement at any time, and the City would be deprived of the certainty it sought by entering into the wage agreement. *See* Affidavit of James F. Hanley ¶¶ 6 & 9. Defendant insists that there is nothing improper about its policy requiring such waivers.

This action is related to *Harding v. City of New York*, No. 86 Civ. 4013 (WCC) (S.D. N.Y.). The three seamen who brought the *Harding* case were also employees on the

City's sludge boats. They assert essentially the same claims that plaintiff Thaxter advances in his suit. The two cases are scheduled to be tried together in March.

Last year, defendant made a motion similar to this one in the *Harding* case. In May, I dismissed plaintiffs' civil rights claims for lack of merit, and granted defendant summary judgment on plaintiffs' claim for penalties, noting that defendant's vessels are not governed by 46 U.S.C. § 10504 since they do not "voyage between a port in one State and a port in a [non-adjoining] State." *Harding v. City of New York*, No. 86 Civ. 4013 (WCC), Slip Op. at 5 & 8 (S.D.N.Y. May 20, 1988) [1988 WL 56729] (quoting, 46 U.S.C. § 10501).

## DISCUSSION

Defendant asks that this Court to (1) dismiss Thaxter's claim for penalties as barred by 46 U.S.C. § 10501; and (2) dismiss the civil rights claims as either time-barred or meritless. Only the second cause of action will be dismissed at this time.

*The Holiday Bank Claim*

■ Defendant argues that plaintiff's claim for penalties on the allegedly unpaid wages is barred by 46 U.S.C. § 10501. That statute limits the applicability of 46 U.S.C. § 10504, which penalizes vessel owners who do not pay wages on time, to vessels "on a voyage between a port in one State and a port in another [non-adjoining] State." Defendant's Brief at 11–12; *see also Harding*, No. 86 Civ. 4013 (WCC), Slip Op. at 5.

Plaintiff correctly responds that Thaxter's claim is not based on Section 10504; it is grounded in that provision's predecessor, 46 U.S.C. § 596. Plaintiff adds that Section 596 did not contain a port-to-port limitation. Defendant did not file a reply brief or otherwise dispute this contention. Since plaintiff's position is not patently meritless, defendant's request for a dismissal will not be granted at this time.

Plaintiff's claim is clearly governed by Section 596. Thaxter's claim arose prior to the adoption of Section 10504 on August 26, 1983. Section 10504 does not specify that it should be given retroactive effect. It may therefore be presumed, especially since defendant has not suggested otherwise, that the statute became effective on the date of its enactment. *Chung, Yong Il v. Overseas Navigation Co. Ltd.*, 774 F.2d 1043, 1045 n. 2 (11th Cir.1985) ("Under the terms of the repealing statute ... this case is still governed by old section 596 since the claim involved here matured prior to the passage of the repealing statute."), *cert. denied*, 475 U.S. 1147, 106 S.Ct. 1802, 90 L.Ed.2d 346 (1986); *c.f. United States v. Security Industrial Bank*, 459 U.S. 70, 79, 103 S.Ct. 407, 413, 74 L.Ed.2d 235 (1982).

On the other hand, plaintiff's contention that Section 596 is not limited to vessels traveling from port to port is apparently wrong. The statute provides in pertinent part:

> The master or owner of any vessel making *coasting voyages* shall pay to every seaman his wages within two days after the termination of the agreement under which he was shipped, or at the time such seaman is discharged, whichever first happens.... Every master or owner who refuses or neglects to make payment in the manner hereinbefore mentioned without sufficient cause shall pay to the seaman a sum equal to two days' pay for each and every day during which payment is delayed beyond the respective periods, which sum shall be recoverable as wages in any claim made before the court....

46 U.S.C. § 596 (emphasis added).

Thaxter maintains that the City's sludge boats, which operate within New York Harbor and carry sludge to a dump site twelve miles offshore, make "coasting voyages" within the meaning of Section 596. The best authority that plaintiff cites for this proposition is the judicial silence of *Dendrinos v. City of New York*, 86 F.Supp. 688 (S.D.N.Y.1949). The vessel involved in *Dendrinos* was precisely the kind involved in this case. "The work of the vessel consisted of carrying sludge and waste from the sewage disposal plants of the City, out of New York Harbor to a dumping ground about 10 miles out to sea—half of the work

534

being carried on within the water of the harbor and the other half in the open waters outside." *Id.* at 689. The *Dendrinos* court found the statute inapplicable on the ground that the City had "sufficient cause" to withhold the wages. *Id.* at 690. The question of whether the sludge vessel was making "coasting voyages," however, was not discussed.

Another case cited by plaintiff, however, holds that a "coasting voyage" is a trip that starts at one port and ends at another:

> The first question to be decided is whether Carson was employed on a "vessel making coasting voyages," and therefore entitled to the penalties prescribed by the statute.... Webster's New International Dictionary, Second Edition, defines "coasting" as an "act or practice of sailing from port to port along a coast." Bouvier's Law Dictionary, Third Edition, defines "voyage" as "The passage of a ship upon the seas from one port to another, or to several ports ... The actual transit of a vessel from port to port ... Each trip constitutes a voyage ..."

*Carson v. Gulf Oil Corporation,* 123 So.2d 35, 38 & 39 (Fla.App.1960); *see also Gardner v. The L.N. Danzler,* 177 F.Supp. 736, 741–42 (E.D.Va.1959), *aff'd,* 281 F.2d 719 (4th Cir.1960).

Although I am inclined to think that the port-to-port requirement in Section 10504 merely codified the case law interpreting the phrase "coasting voyages" in Section 596, it would be unfair to dismiss Thaxter's claim for penalties without affording him an opportunity to respond to this contention. If the City chooses to renew its motion for summary judgment on this ground, it may do so within one week. Plaintiff will have one week to respond, and the City, five days to reply.

Although plaintiff's claim for penalties may be vulnerable as a matter of law, Thaxter's claim for his Holiday Bank wages presents issues of fact to be resolved at trial. For example, the parties have offered conflicting evidence as to whether Thaxter's union agreed to give up all claims to the balance in the Holiday Bank in return for the City's promise not to collect certain overpayments. As I noted in *Harding,* "the Court cannot resolve the factual inconsistencies [regarding the Holiday Bank] without hearing live testimony." *Harding,* No. 86 Civ. 4013 (WCC), Slip Op. at 6.

*The Civil Rights Claims*

■ Defendant argues that Thaxter's civil rights claims are timebarred and meritless. Plaintiff's brief does not discuss the statute of limitations issue, and only touches on the merits of his civil rights claims. I am persuaded that the claims are both untimely and meritless.

The Second Circuit has held that a three-year statute of limitations applies to civil rights actions brought under 42 U.S.C. §§ 1983 and 1985. *Pauk v. Board of Trustees of the City University of New York,* 654 F.2d 856, 866 (2d Cir.1981), cert. denied, 455 U.S. 1000, 102 S.Ct. 1631, 71 L.Ed.2d 866 (1982); *Salahuddin v. Coughlin,* 647 F.Supp. 49, 51 (S.D.N.Y.1986). Such claims accrue "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Singleton v. City of New York,* 632 F.2d 185, 191 (2d Cir.1980), *cert. denied,* 450 U.S. 920, 101 S.Ct. 1368, 67 L.Ed.2d 347 (1981).

Plaintiff's claim, that the City's policy of requiring waivers before accepting collective bargaining agreements infringed his civil rights, could not have arisen any later the 1984 amendment of Section 220 of the Labor Law, after which time individual waivers were no longer sought by the City. Thus, under the three-year limitation period, Thaxter's claim expired by the end of 1987. The complaint commencing this action was filed on August 2, 1988. Plaintiff's second cause of action must therefore be dismissed as untimely.

Thaxter's civil rights claims are also meritless. The claims are identical to those brought by the plaintiffs in *Harding.* I granted the defendant's motion to dismiss in *Harding* on the ground that the plaintiffs had waived their constitutional rights:

> Here, if plaintiffs wanted to share in the wage increase provided by the agreement, they were required to sign the

waiver. If they did not wish to waive their rights, they had the option of filing a complaint with the Comptroller petitioning him to determine the prevailing rate of wage. If in *Antinore* there was no constitutional infirmity found in the collective bargaining agreement, then *a fortiori* there is none here where, unlike the situation in *Antinore,* the waiver is not automatically imposed on plaintiffs as part of the collective bargaining agreement.

*Harding,* No. 86 Civ. 4013 (WCC), Slip Op. at 7. Since Thaxter's claims are identical to those in *Harding,* they are dismissed for the reasons set out in that Opinion.

### CONCLUSION

For the reasons stated above, defendant's motion to dismiss the complaint for failure to state a claim, or in the alternative for summary judgment is granted in part, and denied in part. Defendant's motion to dismiss the first cause of action is denied, with leave to renew the motion. Defendant's motion to dismiss the second cause of action is granted.