Richard E. THAXTER, Jr., Plaintiff,

v.

**The CITY OF NEW YORK (DEPARTMENT OF ENVIRONMENTAL PROTECTION), Defendant.**

No. 88 Civ. 5365 (WCC).

United States District Court, S.D. New York.

March 8, 1989.

Bernard Rolnick, New York City, for plaintiff.

Peter L. Zimroth, Corp. Counsel, New York City, for defendant; Grace Goodman, Georgia Pestana, Assts. Corp. Counsel, of counsel.

OPINION AND ORDER

WILLIAM C. CONNER, District Judge.

On February 3, 1989, I denied defendant's motion to dismiss plaintiff's first cause of action "with leave to renew the motion." *Thaxter v. The City of New York,* 704 F.Supp. 531, 535 (1989). Although I was inclined to hold that "coasting voyages," as used in 46 U.S.C. § 596 (replaced by 46 U.S.C. § 10504), involve the transit of vessels from one port to another, I felt it would be unfair to dismiss plaintiff's claim for penalties without affording him an opportunity to brief the issue.

Defendant timely renewed its motion. After carefully examining the case law cited by both sides concerning the meaning of "coasting voyages," I now conclude that "the 'port-to-port' requirement in Section 10504 merely codified the case law interpreting the phrase 'coasting voyages' in

Section 596." *Thaxter*, 704 F.Supp. 531 at 533. Thaxter's claim for penalties under 46 U.S.C. § 596 is accordingly dismissed.

### Defendant's First Motion to Dismiss

Familiarity with the Court's February 3, 1989 Opinion is presumed. Defendant made its initial motion to dismiss the first cause of action on the ground that 46 U.S. C. § 10504, which penalizes vessel owners who do not pay wages on time, only applies to seamen "on a voyage between a port in one State and a port in another [non-adjoining] State." 46 U.S.C. § 10501. Plaintiff replied that his action is governed by Section 10504's predecessor, 46 U.S.C. § 596. I agreed. *Thaxter*, 704 F.Supp. 531 at 533.

Plaintiff also contended that Section 596 does not contain a port-to-port limitation. Although I believed that plaintiff was probably wrong, I noted that "[d]efendant did not file a reply brief or otherwise dispute this contention," and refused to dismiss plaintiff's claim at that time, since his position on Section 596 was "not patently meritless." *Id.* at 533.

### On Reconsideration

Section 596 provides in pertinent part: The master or owner of any vessel making *coasting voyages* shall pay to every seaman his wages within two days after the termination of the agreement under which he was shipped, or at the time such seaman is discharged, whichever first happens.... Every master or owner who refuses or neglects to make payment in the manner hereinbefore mentioned without sufficient cause shall pay to the seaman a sum equal to two days' pay for each and every day during which payment is delayed beyond the respective periods, which sum shall be recoverable as wages in any claim made before the court....

46 U.S.C. § 596 (emphasis added).

All the authorities that have addressed the meaning of "coasting voyages" agree that this term of art refers to the passage of ships from one port to another. One case, cited by plaintiff in opposition to the initial motion, explained:

The first question to be decided is whether Carson was employed on a "vessel making coasting voyages," and therefore entitled to the penalties prescribed by the statute.... Webster's New International Dictionary, Second Edition, defines "coasting" as an "act or practice of sailing from port to port along a coast." Bouvier's Law Dictionary, Third Edition, defines "voyage" as "The passage of a ship upon the seas from one port to another, or to several ports ... The actual transit of a vessel from port to port ... Each trip constitutes a voyage ..."

*Carson v. Gulf Oil Corporation*, 123 So.2d 35, 38 & 39 (Fla.App.1960); *see also Gardner v. The L.N. Danzler*, 177 F.Supp. 736, 741-42 (E.D.Va.1959), *aff'd* 281 F.2d 719 (4th Cir.1960).

In its papers opposing defendant's renewed motion, plaintiff cites discussions of the word "voyage" in *Corpus Juris Secundum*. Ironically, one definition cited by that treatise is "the actual transit of a vessel from port to port." 92 C.J.S. *Voyage* (1955). The treatise also notes that "short trips made by a tug from one body of water to another, merely furnishing the motor power to vessels themselves bound on a voyage" are not "coasting voyages." 79 C.J.S. *Seamen* § 3 (1952).

The definition cited by plaintiff from William Falconer's *Universal Marine Dictionary* (1784) does not support the proposition that sludge boats make "coasting voyages." That dictionary defines "coasting" as "the act of making a progress along the sea coast of any country." The use of the term "progress" suggests that coasting involves moving from one point on the coast to another, or, in other words, from one port to another.

Plaintiff once again cites *Dendrinos v. City of New York*, 86 F.Supp. 688 (S.D.N. Y.1949), which involved a sludge vessel, in support of the proposition that sludge vessels make "coasting voyages." On my initial consideration of defendant's motion, I found *Dendrinos* unpersuasive because the court there did not discuss the "question of whether the vessel was making 'coasting voyages.'" *Thaxter*, 704 F.Supp. 531 at

533. Plaintiff nevertheless insists: "The 'silence' of these judges concerning the alleged 'port to port' requirement of Section 596 is easily understood. They read the plain language of the statute and did not try to read into the statute a limitation which does not exist." Plaintiff's Brief at 5. I decline to follow the silence of *Dendrinos* in light of the numerous authorities supporting defendant's position.

If Congress had intended to change the law substantively by enacting Section 10501, it should have explicitly indicated that the "port to port" language in the new section was a departure from the former phrase "coasting voyages." There is no indication of such an intent in the legislative history. I am persuaded that the sludge vessel in this case was not making a "coasting voyage" within the meaning of Section 596.

### Conclusion

For the reasons stated above, defendant's motion to dismiss plaintiff's claim for penalties under 46 U.S.C. § 596 is granted. The parties are directed to prepare for trial on the "holiday bank" issue.