OPINION OF THE COURT
W. Denis Donovan, J.
Petitioner seeks a temporary stay of respondent’s underinsured motorist claim. The reason for the stay is to allow petitioner to obtain discovery from respondent. By way of opposition, respondent moves to dismiss the petition. The motion asserts five separate grounds for dismissal. Each of these grounds, however, boils down to the same argument: the timeliness of petitioner’s application.
Petitioner concedes that it filed its petition 49 days after receiving the arbitration demand. However, on the same day it received the demand, it received a letter from respondent’s counsel, which stated: “I have mailed you, under separate *342 cover, a Request for SUM Arbitration of the above claim. I will refrain for thirty days from filing with the American Arbitration Association so you can review your file, should you be so inclined, and we can attempt to resolve the matter without arbitration.”
This letter, dated August 12, 1998, followed correspondence between petitioner and respondent’s counsel dating back to February 1997.
Relying on the letter, petitioner refrained from filing a petition to stay arbitration. It was only when petitioner received a notice from the American Arbitration Association (AAA) scheduling a date for the arbitration that petitioner sought the stay.
Generally, a court is powerless to extend a Statute of Limitations. However, there are situations where the action of a litigant, relied on by the adversary, may operate as an estoppel barring the litigant from raising questions as to timeliness (Matter of Allstate Ins. Co. [Carrillo], 69 Misc 2d 350 [Sup Ct, Westchester County 1972]). Such is the situation here. Respondent’s counsel served an arbitration demand on petitioner on August 12, 1998. The demand contained the standard language, that copies of the “arbitration agreement and this demand are being filed” with the AAA. On the same day, petitioner received counsel’s letter stating that he'would not file the demand for 30 days. In the context of active settlement discussions, and after disclaiming the standard language contained in the demand, respondent cannot be allowed to erect the Statute of Limitations as a defense to this petition.
The court further notes that petitioner is not seeking a permanent stay of arbitration. Instead, it merely seeks discovery on issues that will arise at the arbitration. Some of this discovery, i.e., medical information, was requested as early as February 1998, well before respondent served the arbitration demand. Petitioner is entitled to this discovery.
Accordingly, the petition is granted. Respondent is directed to comply with all outstanding discovery demands, as set forth in the petition, within 45 days after service of a copy of this order with notice of entry. The arbitration is stayed until respondent complies.