Baier v Baier (2021 NY Slip Op 00519)





Baier v Baier


2021 NY Slip Op 00519


Decided on February 02, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 02, 2021

Before: Renwick, J.P., Webber, González, Scarpulla, JJ. 


Index No. 655957/16 Appeal No. 13011 Case No. 2020-00017 

[*1]Danny David Czarninski Baier, Plaintiff-Appellant,
v
Johny Jacobo Czarninski Baier, Defendant-Respondent, Vivian Czarninski Baier De Adler, Defendant.


McDermott Will & Emery LLP, New York (Todd Harrison of counsel), for appellant.
Mintz & Gold LLP, New York (Scott Klein of counsel), and Morris, Nichols, Arsht & Tunnell LLP, Wilmington, DE (Thomas W. Briggs, of the bar of the State of Delaware, admitted pro hac vice, of counsel), for respondent.



Order, Supreme Court, New York County (Paul A. Goetz, J.), entered October 4, 2019, which, to the extent appealed from as limited by the briefs, granted the motion of defendant Johny Jacobo Czarninski Baier to dismiss the fourth cause of action (fraud) and limited the claims alleged in the first, third, and fifth causes of action (accounting, breach of fiduciary duty, and conversion) to property located in New York at the time of the death of the parties' parents, unanimously affirmed, without costs.
Plaintiff, a domiciliary of Ecuador, seeks to obtain his one-third interest in the worldwide assets of his deceased parents, who were also domiciliaries of Ecuador. He contends that defendants, his siblings, who were domiciliaries of Ecuador and Israel, acted together to deprive him of his rightful inheritance.
The court correctly found that it lacked jurisdiction over the non-New York assets. Plaintiff contends that a settlement agreement that was executed in New York between defendants in connection with litigation instituted in Delaware by defendant Vivian Czarninski Baier de Adler was sufficient to confer jurisdiction on New York courts with respect to the parents' worldwide assets. However, plaintiff's alleged damages did not result from and pre-dated the agreement, as the motion court noted. Thus, the agreement did not have substantial relationship to the claims asserted here with respect to the foreign assets.
The court properly dismissed the fraud cause of action in its entirety based on the statute of limitations because the complaint alleged transactions by Johny between 2006 and 2008 and Vivian's action in Delaware in 2011 that were sufficient to put plaintiff on inquiry notice of the possibility of fraud. Mere ignorance or lack of discovery of the wrong is insufficient to toll the statute of limitations (see General Stencils v Chiappa, 18 NY2d 125, 127 [1966]).
We have considered plaintiff's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 2, 2021