James D. Hopicins, J.
The plaintiff moves to strike out certain defenses contained in the answers of the defendants on the ground that they are insufficient in law (Bules Civ. Prac., rule 109). Though the notice of motion does not specify whether one or both of the answers are challenged, the motion has been treated as addressed to both, and the parties in their briefs have so treated the motion.
*872 The action is brought for a declaratory judgment adjudicating the interest of the plaintiff in certain premises and the proceeds received therefrom as a result of a sale, rental, or leasing thereof, to compel the defendants to account for moneys derived from such sale, rental or leasing and to dissolve a joint venture or partnership between the plaintiff and the defendant Aloysius J. Henning and to compel the distribution of the net assets, among other forms of relief. Briefly, it is the theory of the complaint that the plaintiff and the defendant Henning were in a confidential relationship and on or about November 26,1948 entered into a partnership for the acquisition of land in a designated area in Yonkers, in consequence of which the plaintiff paid certain sums of money to Henning, and Henning through the use of partnership funds acquired title to certain premises; that Henning in violation of the agreement has disposed of various parcels and obtained a profit, and has also taken title in the name of nominees, being the other defendants in the action.
The defenses attacked by this motion allege: (1) the 6-year Statute of Limitations; (2) the 10-year Statute of Limitations; (3) the Statute of Frauds, in that the agreement was not in writing and signed by the defendants, as required by law, since it concerned an interest in real property; and (4) the Statute of Frauds, in that the agreement was not in writing and .signed by the defendants, as required by law, since it was by its terms not to be performed within one year.
We consider the sufficiency of the two defenses alleging the 6 and 10-year Statutes of Limitation together. Save for the allegation of the date of the formation of the arrangement between the plaintiff and the defendant Henning as November 26, 1948, the complaint alleges no other dates. Upon the broad terms of the complaint it cannot be said with certainty whether in certain aspects of the partnership or joint venture the 6-year or 10-year statute would or would not be a bar. Usually, when circumstances of this nature prevail, it is better practice to allow the defenses to stand until the trial, at which time the entire relationship between the parties may be probed (Flynn v. Royal Development Co., 37 N. Y. S. 2d 640, affd. 265 App. Div. 592; Safrin v. Friedman, 27 Misc 2d 687, affd. 277 App. Div. 1138; New Amsterdam Cas. Co. v. Kirschenbaum, 194 Misc. 104, 106; Press v. Draper, 139 Misc. 263; Gross v. Price, 127 N. Y. S. 2d 729, 737).
The plaintiff urges that for two reasons the Statute of Limitations is not applicable. First, he points out that equity will not permit the Statute of Limitations to be raised as a bar where a fiduciary relationship exists. This result is reached through *873 the invocation of an equitable estoppel (Lightfoot v. Davis, 198 N. Y. 261; Dodds v. McColgan, 229 App. Div. 273). But, again, the facts underlying the claim of confidentiality and the claim of estoppel must be exposed at the trial (Safrin v. Friedman, 27 Misc 2d 687, affd. 277 App. Div. 1138, supra; cf. Erbe v. Lincoln Rochester Trust Co., 13 A D 2d 211). Secondly, the plaintiff contends that the Statute of Limitations does not apply because an action similar in scope was commenced but dismissed under rule 302 of the Buies of Civil Practice. However, these are facts dehors the pleadings and cannot be considered on a motion under rule 109 (Landefeld v. Seibert, 8 A D 2d 973). The motion must therefore be denied as to the two defenses alleging the Statute of Limitations.
The two defenses asserting the Statute of Frauds are also viewed together. Whether the agreement alleged to have existed between the plaintiff and the defendant Henning was required to be in a writing signed by that defendant or other defendants depends on the nature of the agreement. A writing is necessary if the agreement contemplated the acquisition of land by the parties as tenants in common, but not necessary if it contemplated a partnership or joint venture in land (Weisner v. Benenson, 275 App. Div. 324; Feller v. Brandt, 144 N. Y. S. 2d 216). At this stage the true content of the agreement cannot be determined. Nor does the reliance by the plaintiff on part performance of the agreement to exclude it from the statute render the defense insufficient, for the facts allegedly constituting the partial performance must be established at the trial (Hammond v. Hammond, 264 App. Div. 322). The same considerations are present with respect to the defense of the Statute of Frauds based on a contract not to be performed within a year. The defense should be allowed to stand until the facts are proved at the trial. The motion is accordingly denied as to the two defenses alleging the Statute of Frauds. Submit order on notice.