for Men, City Prison of the City of New York, Respondent.— In a habeas corpus proceeding relator appeals from an order of the Supreme Court, Kings County, made September 29, 1961, after a hearing, which dismissed the writ and remanded relator to the custody of the respondent. Relator contends that in March, 1949, he was improperly sentenced by the County Court, Kings County, for a "reformatory term" of 6 to 15 years in the Elmira Reception Center and that such term exceeded the maximum sentence permitted by section 288 of the Correction Law. Order affirmed. No opinion. Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur.

■ SUSAN THOMPSON, Respondent, v. HENRY LITINSKY et al., Respondents, and ST. VINCENT'S HOSPITAL, Appellant.— In an action to recover damages for personal injuries sustained as the result of alleged negligence and malpractice, the defendant hospital appeals from an order of the Supreme Court, Kings County, dated November 17, 1961, which denied its motion, under rule 113 of the Rules of Civil Practice, to dismiss the amended complaint as against it. Order affirmed, with $10 costs and disbursements. No opinion. Beldock, P. J., Ughetta, Kleinfeld, Brennan and Hill, JJ., concur.

■ JOHN A. WALSH, Appellant, v. ALOYSIUS J. HENNING et al., Respondents.— In an action for an accounting, and for other relief, plaintiff appeals from an order of the Supreme Court, Westchester County, dated October 23, 1961, which denied his motion, made under rule 109 of the Rules of Civil Practice, to strike out as insufficient in law the affirmative defense of the Statutes of Limitations and the Statutes of Fraud contained in paragraphs three to eight of defendants' answers. Order affirmed, with $10 costs and disbursements. No opinion. Beldock, P. J., Ughetta, Kleinfeld, Brennan and Hill, JJ., concur. [31 Misc 2d 871.]

■ HAROLD WILHELM, JR., an Infant, by His Guardian ad Litem, HAROLD WILHELM, SR., et al., Respondents, v. BOARD OF EDUCATION OF THE CITY OF NEW YORK, Appellant, et al., Defendant.— In a negligence action by the infant plaintiff to recover damages for personal injuries and by his father to recover damages for loss of his son's services and medical expenses, the defendant Board of Education of the City of New York appeals from so much of a judgment of the Supreme Court, Queens County, entered April 4, 1961, upon a jury's verdict after trial, as is in favor of the infant and his father against it. At the end of the entire case the court dismissed the complaint as against the defendant the City of New York; there is no appeal with respect to such dismissal. Judgment, insofar as appealed from, reversed on the law, without costs, and complaint dismissed. We have considered all the facts and if we did not reverse on the law and dismiss the complaint we would have affirmed the findings of fact implicit in the jury's verdict. As the infant plaintiff was mixing and grinding chemicals they flared up, causing him to be seriously injured. He was then 13 years of age. He and a classmate were in a laboratory, with the door closed, working on "science projects" with the approval of the infant plaintiff's teacher. After spending about 10 minutes on their respective projects and without permission to do so, the two boys began to "fool around" with chemicals in glass bottles which were on a shelf in the laboratory. While the infant plaintiff, with knowledge that the chemicals were dangerous, was mixing and grinding them, they were caused to flare up. In our opinion, under all the circumstances, the infant plaintiff was guilty of contributory negligence as a matter of law (*Fox* v. *Mission of Immaculate Virgin*, 285 App. Div. 898, affd. 309 N. Y. 812). Beldock, P. J., Ughetta, Brennan and Rabin, JJ., concur; Kleinfeld, J., dissents and votes to affirm the judgment, insofar as appealed from, on the ground that the record presented issues of fact for determination by the jury with respect to the contributory negligence of the infant plaintiff and the negligence of the defendant Board of Education.