■ MARC S. ASPESI, Appellant, v SHAHINIAN ACOUSTICS, LTD., et al., Respondents. — In an action, *inter alia,* to recover damages for breach of a contract of employment and for fraud, plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Roncallo, J.), dated September 22, 1980, as granted the branches of defendants' motion which sought (1) to dismiss the third cause of action and (2) a protective order limiting the deposition of the individual defendant to questions pertaining to the first and second causes of action. Order reversed, insofar as appealed from, on the law, with $50 costs and disbursements, the afore-mentioned branches of defendants' motion are denied and the third cause of action is reinstated. In his third cause of action, plaintiff alleged that the individual defendant promised to pay him a salary if he entered into the employ of the corporate defendant, that the individual defendant never intended to pay the plaintiff, and that plaintiff relied on this promise to his detriment. These allegations are sufficient to establish a prima facie right to recover damages for fraud (see *Rudman v Cowles Communications,* 30 NY2d 1; *Ritzwoller v Lurie,* 225 NY 464). Plaintiff's prayer for relief in connection with this cause of action was a demand for punitive damages. This prayer for relief was improper, because "a demand for punitive damages does not constitute a separate cause of action for pleading purposes" *(Brandenberg v Blue Cross & Blue Shield of Greater N.Y.,* 78 AD2d 534). Nonetheless, such an improper prayer for relief does not vitiate the cause of action itself. A prayer for relief "normally is not considered in determining * * * the sufficiency of the pleading. [This is a matter] to be established by the statements in the complaint and not the relief sought" (3 Weinstein-Korn-Miller, NY Civ Prac, par 3017.02, p 30-360; see, also, *Erbe v Lincoln Rochester Trust Co.,* 3 NY2d 321; *Gro-Up Frocks v Manners,* 55 AD2d 531). Accordingly, the third cause of action should not have been dismissed. Mangano, J.P., O'Connor, Weinstein and Bracken, JJ., concur.

■ MARC S. ASPESI, Respondent, v SHAHINIAN ACOUSTICS, LTD., et al., Appellants. — In an action, *inter alia,* to recover damages for breach of a contract of employment and for fraud, defendants appeal from so much of an order of the Supreme Court, Nassau County (Velsor, J.), dated April 29, 1980, as granted the branch of plaintiff's motion which sought to dismiss their first affirmative defense, based upon the Statute of Frauds. Order reversed, insofar as appealed from, on the law, with $50 costs and disbursements, the afore-mentioned branch of plaintiff's motion is denied and the affirmative defense is reinstated. The pleadings raise an issue of fact as to whether the alleged oral contract was, by its terms, not to be performed within one year from the making thereof, so as to be void pursuant to section 5-701 (subd a, par 1) of the General

Obligations Law. Therefore, the defense should not have been dismissed (see *Walsh v Henning,* 31 Misc 2d 871, affd 16 AD2d 707). Mangano, J.P., O'Connor, Weinstein and Bracken, JJ., concur.