■ MARITZA BUDET, Appellant, v TIFFANY & Co. et al., Respondents.—In an action to recover damages for breach of a fiduciary duty, the plaintiff appeals from an order of the Supreme Court, Nassau County (Lockman, J.), dated April 12, 1988, which granted the defendant's motion to dismiss the complaint for failure to state a cause of action and denied the plaintiff's application for leave to replead.

Ordered that the order is affirmed, with costs.

On September 7, 1984, the defendant Tiffany and Company (hereinafter Tiffany New York) informed the plaintiff that her position as divisional vice-president was to be eliminated. On September 21, 1984, Tiffany & Co. (hereinafter Tiffany Delaware), which had entered into an agreement to buy 100% of the stock of Tiffany New York from Avon Products, Inc. (a defendant no longer involved in the instant action), held a meeting at which it offered certain managers of Tiffany New York the opportunity to purchase the stock of Tiffany Dela-

ware. The plaintiff claimed that she was still a divisional vice-president at the time this stock was offered, that the defendants failed to disclose to the plaintiff the existence of this purchasing opportunity, and that the plaintiff was subsequently improperly induced into signing a release terminating her employment and waiving her rights.

The plaintiff's purported cause of action that the defendants violated "strong relationships of trust and confidence" in failing to offer her an opportunity to purchase stock must fail, since an employer owes an employee at will no fiduciary duty *(see, Ingle v Glamore Motor Sales,* 140 AD2d 493, 494, *affd* 73 NY2d 183). Pursuant to the discretion of Tiffany Delaware, the stock was offered to those managers in "a position significantly to influence the performance of Tiffany New York following its acquisition", and the plaintiff, who was shortly to leave the company, was simply not in that category.

Furthermore, under these circumstances, it is not necessary to reach the issue of the validity of the release executed by the plaintiff upon the termination of her employment, because the plaintiff had no right to the stock which she was allegedly induced to release. Mangano, J. P., Thompson, Bracken and Rosenblatt, JJ., concur.