■ WILLIAM J. SEROW, Appellant, v XEROX CORPORATION et al., Respondents.—Order and judgment unanimously affirmed without costs. Memorandum: Plaintiff was terminated from employment with defendant Xerox Corporation (Xerox) based upon the results of an investigation of employee misconduct jointly conducted with defendant First Security Services Corp. (FSSC). During the investigation plaintiff admitted to various acts of misconduct. Thereafter, Xerox held a press conference and announced the results of the investigation but did not

reveal the names of the employees who were disciplined. Xerox also referred to the District Attorney information gained from the investigation, including plaintiff's admission. In his complaint plaintiff alleged that, before interviewing him, defendants misrepresented that he was not a target of the investigation, that his job was not in jeopardy, and that they would not reveal the results of the investigation to outside sources.

Supreme Court properly granted defendants' motion for summary judgment and dismissed the complaint. Plaintiff concedes that there is no proof in the record that defendants intentionally deceived him into signing the statement. He now argues, however, for the first time on appeal, that there are triable issues of fact regarding a claim of constructive fraud based on his confidential and fiduciary relationship with Xerox, from which he infers that defendants had a duty to disclose that the investigation results would be revealed to outside sources including the District Attorney. We disagree.

Xerox did not owe plaintiff, an at-will employee, a fiduciary duty *(see, Budet v Tiffany & Co.,* 155 AD2d 408, 409; *Ingle v Glamore Motor Sales,* 140 AD2d 493, 494, *affd* 73 NY2d 183). Moreover, the record establishes that plaintiff was not misled into making his admission. It was made clear to plaintiff that his job would be in jeopardy if he did not cooperate and no promises were made that the results of the investigation would not be disclosed. On the contrary, defendants informed plaintiff that they regarded allegations of his misconduct as serious and that they could constitute violations of the Penal Law. On this record, plaintiff had no basis to believe that Xerox would not act upon his admissions of misconduct, including referral to the appropriate authorities for possible criminal violations. We have considered plaintiff's remaining arguments and find them without merit. (Appeal from order and judgment of Supreme Court, Monroe County, Affronti, J. —summary judgment.) Present—Callahan, J. P., Doerr, Boomer, Green and Balio, JJ.