**Victoria A. STEWART, Plaintiff,**

v.

**JACKSON & NASH, Laurence G. Bodkin, Jr., Paul H. DeCoster, William R. Dunlop, Ronald S. Herzog, Susan Frank Kelley, Albert L. Lingelbach, Edward Maguire, Jr., Joseph Michaels IV, C. Frederick Rogge III, Christopher S. Rooney, Roger D. Smith and Jeffrey G. Steinberg, Defendants.**

No. 91 Civ. 2535 (CSH).

United States District Court,
S.D. New York.

Nov. 27, 1991.

## MEMORANDUM OPINION AND ORDER

HAIGHT, District Judge:

Plaintiff Victoria A. Stewart, an attorney, was terminated on December 31, 1990 from her employment as an associate at the defendant law firm of Jackson & Nash (the "Firm"). The individual defendants are partners of the Firm. Stewart commenced this diversity action against defendants alleging causes of action in fraud and negligent misrepresentation. Defendants move under Rule 12(b)(6), Fed.R.Civ.P., to dismiss the complaint on the ground that it fails to state a claim upon which relief can be granted.

Plaintiff alleges that until October 1988 she was employed as an attorney in the environmental law department of another law firm. While plaintiff was so employed defendant Ronald Herzog, a partner of the defendant Firm, approached plaintiff and offered her a job at the Firm as head of its environmental law department. ¶ 20 of the complaint alleges that Herzog represented to plaintiff that the Firm "had recently secured a large environmental law client, that [the Firm] was in the process of establishing an environmental law department, and that [plaintiff] would head the environmental law department, and be expected to service the Firm's substantial existing environmental law client."

Stewart alleges that those representations were false when made; that the Firm knew they were false; and that she accepted the Firm's offer in reliance upon the representations, to her detriment when the Firm discharged her in December 1990.

The complaint pleads causes of action for fraud and negligent misrepresentation.

New York law governs this diversity action. Defendants move to dismiss the complaint on the ground that plaintiff's employment by the firm was at will, a relationship in which New York law "accords the employer an unfettered right to terminate the employment at any time." *Murphy v. American Home Products Corp.*, 58 N.Y.2d 293, 306, 461 N.Y.S.2d 232, 237, 448 N.E.2d 86, 91 (1983). *See also Sabetay v. Sterling Drug, Inc.*, 69 N.Y.2d 329, 334, 514 N.Y.S.2d 209, 212, 506 N.E.2d 919, 922 (1987) (under New York law "an employer has the right to terminate an at-will employee at any time for any reason or for no reason, except where that right has been limited by express agreement"); *Weiner v. McGraw–Hill*, 57 N.Y.2d 458, 457 N.Y.S.2d 193, 443 N.E.2d 441 (1982).

Defendants further contend that plaintiff cannot avoid the effect of that rule by labeling the action as one for fraud or negligent misrepresentation, *citing Mayer v. Morgan Stanley & Co., Inc.*, 703 F.Supp. 249 (S.D.N.Y.1988); *Shipper v. Avon Products, Inc.*, 605 F.Supp. 701 (S.D.N.Y.1985); and *Dalton v. Union Bank of Switzerland*, 134 A.D.2d 174, 520 N.Y.S.2d 764 (1st

Dept.1987). Accordingly, defendants contend, even accepting the truth of plaintiff's allegations for purposes of this motion to dismiss, the complaint fails to state a claim.

Alternatively, defendants contend that even if plaintiff had viable claims sounding in contract, they would be barred by the New York Statute of Frauds, General Obligations Law § 5-701(a)(1).

Plaintiff says that she is not suing in contract, she is suing for the torts of fraud and negligence misrepresentation. Moreover, she contends that her claim "is not concerned with—nor is the fraud alleged connected to—her termination." Brief at 7.

That is a bold assertion. If the Firm had not terminated plaintiff's employment she would still be working there, and by definition would not have commenced this action. Thus it is difficult to agree, at least as a matter of logic, that plaintiffs claim "is not concerned with" her termination. Nevertheless, plaintiff insists that in part at least, the Firm fraudulently misrepresented existing facts prior to her accepting the Firm's offer of employment, and that makes all the difference. In making that argument, plaintiff concedes that she was an at-will employee, and appears to acknowledge that misrepresentations "related to *future* acts or promises, *not to existing* facts" (brief at 7, emphasis in original) would not sustain a claim. The principal "existing fact" allegedly misrepresented to plaintiff was the existence of the Firm's "recently secured" large environmental law client. The complaint alleges that this client and the resulting substantial environmental law case work did not materialize, and that in May 1990 "upon information and belief, Herzog admitted that he had been misled by Jeff Steinberg—the partner who had allegedly secured the aforesaid client for the firm." Complaint at ¶ 31.

New York case law supports the general proposition that misrepresentations of material facts prior to contracting may give rise to a cause of action for fraud in the inducement. *See, e.g., Triangle Underwriters, Inc. v. Honeywell, Inc.,* 604 F.2d 737, 746-48 (2d Cir.1979) and cases cited. But plaintiff cites no case applying that general principle in the particular context of employment at will, and holding that the employer's unfettered right to terminate the employment at any time becomes fettered by fraudulent representations given to induce the employment.

Bluntly put, the Firm's argument is that an employer may lie to a prospective employee to obtain her services, and then discharge her with impunity if the employment is at will. It is an argument singularly lacking in grace, and the conclusion does not necessarily follow. An employer's freedom to fire an employee at will for any or no reason does not necessarily imply a freedom to seduce the employee into its service by lies.

Nevertheless, the New York decisions establish that a terminated at-will employee has no claim in contract, and are uniformly hostile to efforts to assert claims sounding in tort. In *Shipper, supra,* the terminated at-will employees alleged fraudulent misrepresentations made during negotiations leading to the employment, "that they would only be fired for just cause." 605 F.Supp. at 707. While that allegation described a lie with respect to a then-existing policy, Judge Cannella discussed the claim on the authority of *Murphy* and *Weiner.*

As I construe present New York law, an individual relying upon particular representations made during negotiations for employment must include them in the contract of employment. If the individual consents to become an employee at will, he or she is subject to termination by the employer at the latter's will. I do not think that *Aspesi v. Shahinian Acoustics, Ltd.,* 84 A.D.2d 543, 443 N.Y.S.2d 242 (2d Dept.1981), relied upon by plaintiff, supports on its facts the distinction plaintiff seeks to draw between existing facts and future promises (the case turned upon an employer's alleged promise to pay plaintiff a salary if he entered into defendant's employ); but in any event *Aspesi* antedates the decisions of the Court of Appeals in *Murphy* and *Sabetay* to the extent that *Aspesi* is inconsistent with the conclusion I reach in the case at bar, I do not think it reflects current New York law.

Accordingly plaintiff's first cause of action for fraud does not state a viable claim. The second cause of action, for negligent misrepresentation, fares no better. A cause of action for negligent misrepresentation depends upon the existence of a fiduciary relationship between the parties which requires the defendant "to act with care if he acts at all." *White v. Guarantee*, 43 N.Y.2d 356, 401 N.Y.S.2d 474, 478, 372 N.E.2d 315, 319 (1977). But the New York cases hold that an employer owes no fiduciary duty to an at-will employee. *See Serow v. Xerox Corp.*, 166 A.D.2d 917, 560 N.Y.S.2d 575, 576 (4th Dept.1990); *Budet v. Tiffany & Co.*, 155 A.D.2d 408, 409, 547 N.Y.S.2d 81, 82 (2d Dept.1989). Consistent with that rule, the New York Court of Appeals held in *Murphy* that an implied obligation of good faith and fair dealing would not be imposed upon an employer in a contract of employment at will. "In the context of such an employment it would be incongruous to say that an inference may be drawn that the employer impliedly agreed to a provision which would be destructive of his right of termination." 58 N.Y.2d at 304–305, 461 N.Y.S.2d at 237, 448 N.E.2d at 91.

In the case at bar plaintiff, an experienced attorney, negotiated with the defendant Firm for employment. No fiduciary relationship existed, and accordingly there is no claim in law for negligent misrepresentation.

In the view I take of the case, I need not reach defendants' alternative contention based upon the Statute of Frauds. However, defendants argue for application of the Statute of Frauds by construing plaintiff's claims as sounding in contract. In point of fact, plaintiff seeks to assert claims sounding in tort. Those claims fail because they are not viable in law.

Defendants' motion to dismiss the complaint is granted. The Clerk of the Court is directed to dismiss the complaint with prejudice.

It is SO ORDERED.