■ MALKIE ASHKENAZI, Appellant, v HERTZ RENT A CAR, Respondent. [795 NYS2d 624]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Ruchelsman, J.), entered August 16, 2004, which, upon an order of the same court dated July 23, 2004, granting that branch of the defendant's motion which was for summary judgment dismissing the complaint, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff, a New York resident, allegedly was injured in Mexico while traveling as a passenger in a vehicle driven by her husband and rented in Acapulco, Mexico, from Alquiladora de Vehiculos Automotores, S.A. de C.V. (hereinafter Alquiladora), a Mexican entity. Alquiladora, which was the registered owner of the vehicle, was a licensee of Hertz International Corporation, a wholly-owned subsidiary of the defendant.

The plaintiff did not allege any negligence on the part of Alquiladora, Hertz International Corporation or the defendant. Rather, her complaint alleged that the accident was caused by her husband's negligence in operating the vehicle. The plaintiff nevertheless sought recovery against the defendant on the theory that the owner of the vehicle is vicariously liable for the driver's negligence under Vehicle and Traffic Law § 388, and that the defendant, in turn, is vicariously liable, under a theory of apparent agency, for the owner's vicarious liability. The defendant moved, inter alia, for summary judgment dismissing the complaint.

At the outset, the Supreme Court correctly determined that Vehicle and Traffic Law § 388 is inapplicable in this case, since it is undisputed that the subject vehicle was never registered, used, or operated in New York (see Fried v Seippel, 80 NY2d 32, 40 [1992]; see also Klippel v U-Haul Co. of Northeastern Mich., 759 F2d 1176, 1181-1183 [1985]). The plaintiff's conclusory assertion that she and her husband at some point formed the intent to drive the rental vehicle from Mexico back to their home in New York was insufficient, in and of itself, to raise a triable issue of fact as to the extraterritorial effect of Vehicle and Traffic Law § 388. The plaintiff failed to tender any evidence to establish, among other things, that she or her husband communicated to Alquiladora or to anyone else their alleged intent to drive the vehicle to New York. The defendant, in contrast, submitted an affidavit from Alquiladora's general manager stating that the plaintiff's husband never requested Alquiladora's permission to drive the vehicle outside of Mexico. Moreover, the husband testified at his deposition that he

purchased round-trip plane tickets to Mexico for himself and for the plaintiff.

In any event, even assuming that Alquiladora, as the registered owner of the vehicle, could have been held vicariously liable for the driver's negligence under Vehicle and Traffic Law § 388, the plaintiff cannot, under a theory of apparent agency, seek to hold Alquiladora's licensor—let alone the parent company of that licensor—vicariously liable for Alquiladora's liability as owner under Vehicle and Traffic Law § 388. The vicarious liability imposed on the owner of a vehicle is a creature of statute. The definition of "owner," as used in Vehicle and Traffic Law § 388 (3), is strictly limited, in relevant part, to a person having a property interest in "or title to a vehicle" (Vehicle and Traffic Law § 128). Such definition cannot be judicially expanded, through the doctrine of apparent agency, to include persons, such as the defendant, having no property interest in or title to the subject vehicle.

Generally, in order to succeed against a principal on a claim of apparent agency, the plaintiff must establish, inter alia, the apparent agent's *negligence* (*see Bank v Rebold*, 69 AD2d 481, 493-494 [1979]; *Hamilton v Hertz Corp.*, 130 Misc 2d 1034, 1036-1037 [1986]; Restatement [Second] on Agency § 267). Here, the plaintiff does not contend that Alquiladora was negligent in causing the accident; to the contrary, she claims that the accident was caused solely by the negligence of her husband. Therefore, the plaintiff's reliance on the doctrine of apparent agency to hold the defendant liable in this case is misplaced, and the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint.

The parties' remaining contentions either are academic in light of our determination, or without merit. Prudenti, P.J., Adams, Rivera and Fisher, JJ., concur.