YEKATERINA KOTCHINA, Respondent, v LUNA PARK HOUSING CORPORATION et al., Defendants, and PARK AVENUE SECURITY, Appellant. [815 NYS2d 594]—

In an action to recover damages for personal injuries, the defendant Park Avenue Security appeals from an order of the Supreme Court, Kings County (Harkavy, J.), dated April 6, 2005, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The plaintiff was assaulted in the building where she was a tenant. She commenced this action, alleging negligent failure to provide adequate security, against the owner and the manager of the building, as well as against Park Avenue Security (hereinafter Park Avenue), which had a contract to provide security

services for the building. Park Avenue moved for summary judgment dismissing the complaint insofar as asserted against it, contending that it did not owe a duty of care to the plaintiff. The Supreme Court denied the motion. We affirm.

"[A] contractual obligation, standing alone, will generally not give rise to tort liability in favor of a third party" (*Espinal v Melville Snow Contrs.,* 98 NY2d 136, 138 [2002]). "Before an injured party may recover as a third-party beneficiary for failure to perform a duty imposed by contract, it must clearly appear from the provisions of the contract that the parties thereto intended to confer a direct benefit on the alleged third-party beneficiary to protect him [or her] from physical injury" (*Bernal v Pinkerton's, Inc.,* 52 AD2d 760 [1976], *affd* 41 NY2d 938 [1977]).

Here, Park Avenue's obligations under the contract were not limited to protecting property, and Park Avenue's president testified at his deposition that one of the duties of the security guards was to provide security for tenants of the premises. As such, Park Avenue failed to establish, prima facie, as a matter of law, that the plaintiff was not an intended third-party beneficiary of its contract with the building manager (*see Flynn v Niagara Univ.,* 198 AD2d 262 [1993]). Ritter, J.P., Luciano, Mastro and Skelos, JJ., concur.