◼ Samuel Friedler et al., Appellants, v Vassiliki Palyompis et al., Defendants, and Nasti and Company, Inc., et al., Respondents. [845 NYS2d 347]—

In an action, inter alia, to recover damages for breach of contract and broker negligence, the plaintiffs appeal from an order of the Supreme Court, Kings County (Hurkin-Torres, J.), dated December 6, 2005, which granted the motion of the defendants Nasti and Company, Inc., and Anthony Nasti, doing business as Coldwell Banker Mid Plaza Real Estate, and the separate motion of the defendant Coldwell Banker Real Estate Corporation, sued herein as Coldwell Banker, Inc., for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

On their motion for summary judgment dismissing the complaint, the defendants Nasti and Company, Inc., and Anthony Nasti, doing business as Coldwell Banker Mid Plaza Real Estate (hereinafter together the Mid Plaza defendants)

made a prima facie showing of their entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]). These defendants established that they neither knew of the subject premise's structural defects nor made any representations regarding the structural integrity of the premises to the plaintiffs. Moreover, they did not know that the person they recommended to the plaintiffs to inspect the subject premises was unqualified to do so, since the home inspector was a long-time employee and chief inspector with the Department of Buildings. Further, " 'if the facts represented are not matters peculiarly within the party's knowledge, and the other party has the means available to him of knowing, by the exercise of ordinary intelligence, the truth or the real quality of the representation, he must make use of those means, or he will not be heard to complain that he was induced to enter into the transaction by misrepresentations' " (*Curran, Cooney, Penney v Young & Koomans,* 183 AD2d 742, 743 [1992], quoting *Schumaker v Mather,* 133 NY 590, 596 [1892]; *see Orlando v Kukielka,* 40 AD3d 829 [2007]). Here, the plaintiffs' reliance on any alleged misrepresentations made by these defendants concerning the structural integrity of the subject premises or the qualifications of the home inspector was unreasonable as a matter of law (*see Curran, Cooney, Penney v Young & Koomans* at 744). That these broker defendants had a fiduciary relationship with the plaintiffs (*see Dubbs v Stribling & Assoc.,* 96 NY2d 337, 340 [2001]), is irrelevant to their alleged liability, since there is no evidence in the record that they knew of any structural defects in the subject premises, or had any reason to doubt the home inspector's qualifications. Further, there is no evidence that the Mid Plaza defendants breached any of the contractual duties they owed to the plaintiffs. Since the action complained of was not consumer oriented, and the plaintiffs failed to show that any apparent misrepresentation made by these defendants caused any of the plaintiffs' damages, these defendants could not be liable to the plaintiffs for violating General Business Law §§ 349 and 350 (*see Stutman v Chemical Bank,* 95 NY2d 24, 29 [2000]). Since, in response, the plaintiffs failed to raise a triable issue of fact, the court correctly granted the Mid Plaza defendants' motion for summary judgment (*see Alvarez v Prospect Hosp.,* 68 NY2d at 324).

"Generally, in order to succeed against a principal on a claim of apparent agency, the plaintiff must establish, inter alia, the apparent agent's negligence" (*Ashkenazi v Hertz Rent A Car,* 18 AD3d 584, 586 [2005]; *see Bank v Rebold,* 69 AD2d 481, 493-494 [1979]). Thus, since the apparent agent here, Anthony Nasti, doing business as Coldwell Banker Mid Plaza Real Estate, was

properly awarded summary judgment dismissing the complaint insofar as asserted against him, the Supreme Court properly also awarded summary judgment to the apparent principal, Coldwell Banker Real Estate Corporation, sued herein as Coldwell Banker, Inc., insofar as asserted against it (*see Ashkenazi v Hertz Rent A Car,* 18 AD3d 584 [2005]; *Bank v Rebold,* 69 AD2d 481 [1979]). Prudenti, P.J., Santucci, Fisher and Angiolillo, JJ., concur.