■ ROGER JACKSON et al., Respondents, v GUARDSMARK, INC., Appellant. [870 NYS2d 689]—

Memorandum: Roger Jackson and Danny O. Moore (plaintiff employees) allegedly were injured as the result of a chemical emission that occurred on the premises of their employer, Eastman Kodak Company (Kodak). They, along with Roger Jackson's wife, commenced this action against defendant, a separate company that provided security services on Kodak's premises. Plaintiffs allege that, in the course of conducting a roadblock to prevent access to the site of the chemical emission, one of defendant's employees negligently directed plaintiff employees to drive a route that exposed them to the emission.

Supreme Court properly denied defendant's motion for summary judgment dismissing the complaint. The "Mission Partnership Statement" between Kodak and defendant imposed on defendant both a general duty to "provide for the welfare and safety of all [Kodak] employees" and a specific duty to "safeguard bystanders," a term that includes plaintiff employees, while engaged in "perimeter control" by reason of the emergency created by the chemical emission. We thus reject defendant's contention that plaintiffs were required to establish that

the circumstances of this case fall within one of the exceptions to the nonliability of a contracting party to a third party set forth in *Espinal v Melville Snow Contrs.* (98 NY2d 136 [2002]). Rather, pursuant to the express terms of the Mission Partnership Statement, defendant "directly undertook to confer benefits" on plaintiff employees by seeing to their personal safety (*Gonzalez v National Corp. for Hous. Partnerships*, 255 AD2d 151, 152 [1998], *lv denied* 93 NY2d 812 [1999]; *see Kotchina v Luna Park Hous. Corp.*, 27 AD3d 696 [2006]; *see also Flynn v Niagara Univ.*, 198 AD2d 262, 264 [1993]; *cf. Rahim v Sottile Sec. Co.*, 32 AD3d 77 [2006]). We conclude on the record before us that there are triable issues of fact whether defendant's employee exercised reasonable care in the discharge of his duty to safeguard bystanders, here, plaintiff employees. Present—Hurlbutt, J.P., Martoche, Fahey and Peradotto, JJ.