# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1116**
**CA 12-00380**
PRESENT: FAHEY, J.P., PERADOTTO, CARNI, WHALEN, AND MARTOCHE, JJ.

---

STEPHEN ALIKES AND JANET ALIKES,
PLAINTIFFS-APPELLANTS,

V                                                    MEMORANDUM AND ORDER

ANDREW GRIFFITH, DOING BUSINESS AS ANDY GRIFFITH
REALTOR, RE/MAX PROPERTIES AND SHARI A. REALS,
DEFENDANTS-RESPONDENTS.

---

CHAMBERLAIN D'AMANDA OPPENHEIMER & GREENFIELD LLP, ROCHESTER (J. MICHAEL WOOD OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.

HISCOCK & BARCLAY, LLP, ROCHESTER (PAUL A. SANDERS OF COUNSEL), FOR DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Ontario County (Frederick G. Reed, A.J.), entered November 23, 2011. The order granted the motion of defendants for summary judgment dismissing the second amended complaint.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action against defendant Shari A. Reals, their former real estate agent, and defendants Andrew Griffith, doing business as Andy Griffith Realtor (Griffith), and Re/Max Properties (Re/Max) seeking damages for, inter alia, defendants' alleged failure to procure a buyer for plaintiffs' residential property. In their second amended complaint, plaintiffs asserted causes of action for breach of contract, negligent hiring and supervision, fraud and breach of fiduciary duty, and they sought, inter alia, compensatory and punitive damages. Defendants moved for summary judgment dismissing the second amended complaint. Supreme Court properly granted the motion.

On December 29, 2006, plaintiff Stephen Alikes, a retired attorney who had practiced law for over 45 years, and his wife, plaintiff Janet Alikes, a retired paralegal specializing in real estate law and a former licensed real estate broker, entered into an "Exclusive Right to Sell" listing agreement for the sale of their New York home (house) with Al Co Properties (Al Co). Reals, who was associated with Al Co at that time, was the real estate agent responsible for listing plaintiffs' property. According to plaintiffs, in late January or February 2007, Reals verbally informed

them that prospective buyers "were going to make an offer" to purchase the house.  Plaintiffs allege that, as a result of those representations, they decided to buy a home in Arkansas and to move there, which they did in February 2007.  In her deposition, Janet Alikes admitted that plaintiffs did not receive an "enforceable" or written purchase offer for the house before they bought the home in Arkansas and moved there.

In March 2007, Reals left Al Co and then became associated with Griffith and Re/Max.  Reals allegedly brought plaintiffs' listing with her to Re/Max, and then presented plaintiffs with a written purchase offer for the house that same month.  Plaintiffs issued a counteroffer and were informed by Reals that the buyers had conditionally accepted their counteroffer.  It was subsequently determined, after a disciplinary proceeding brought against Reals by the New York State Department of State, Division of Licensing Services, that Reals had fabricated the purchase offer and a home inspection report.  Plaintiffs subsequently commenced this action.

Contrary to plaintiffs' contention, we conclude that the court properly granted that part of defendants' motion with respect to the cause of action for fraud.  "To establish a prima facie case for fraud, plaintiffs would have to prove that (1) defendant[s] made a representation as to a material fact; (2) such representation was false; (3) defendant[s] intended to deceive plaintiff[s]; (4) plaintiff[s] believed and justifiably relied upon the statement and [were] induced by it to engage in a certain course of conduct; and (5) as a result of such reliance plaintiff[s] sustained pecuniary loss" (*Ross v Louise Wise Servs., Inc.*, 8 NY3d 478, 488 [internal quotation marks omitted]).  Here, plaintiffs were sophisticated parties who admittedly knew that a real estate purchase contract must be in writing in order for it to be binding and enforceable (*see* General Obligations Law § 5-703 [2]).  Thus, we agree with defendants that plaintiffs could not justifiably rely on the verbal statements of Reals that the alleged prospective buyers were "going to make an offer" (*see Ventur Group, LLC v Finnerty*, 68 AD3d 638, 639).  Indeed, plaintiffs' alleged reliance upon the oral statements of Reals was unreasonable as a matter of law (*see Friedler v Palyompis*, 44 AD3d 611, 612).  Moreover, even assuming, arguendo, that plaintiffs' alleged reliance on Reals' statements was justified, we conclude that those statements amounted to "speculation and expressions of hope for the future" that are not "actionable representations of fact" (*Albert Apt. Corp. v Corbo Co.*, 182 AD2d 500, 501, *lv denied* 80 NY2d 924).  We also conclude that plaintiffs did not in fact sustain damages as a result of those statements or as a result of the fabricated purchase offer.

We reject plaintiffs' further contention that the court erred in granting those parts of defendants' motion with respect to the breach of fiduciary duty, breach of contract and negligent hiring and supervision causes of action.  An essential element of each of those causes of action is that a plaintiff has sustained damages that are proximately caused by the alleged misconduct (*see JP Morgan Chase v J.H. Elec. of N.Y., Inc.*, 69 AD3d 802, 803; *Davidovici v Fritzson*, 49

AD3d 488, 489-490; *R.M. Newell Co., Inc. v Rice*, 236 AD2d 843, 844, *lv denied* 90 NY2d 807).  Here, plaintiffs allege that they sustained damages as a result of having to pay "carrying costs" associated with simultaneously owning and maintaining two homes.  Based on the undisputed facts of this case, however, there is no causal relationship between the alleged misconduct under any of the causes of action and any damages sustained by plaintiffs (*see Gall v Summit, Rovins & Feldesman*, 222 AD2d 225, 226, *lv denied* 88 NY2d 919).  In any event, we note that such consequential damages are not ordinarily recoverable in actions arising from the breach of a real estate purchase contract (*see Di Scipio v Sullivan*, 30 AD3d 677, 678; *Tator v Salem*, 81 AD2d 727, 728).

Finally, in light of our determination that the second amended complaint must be dismissed, there is no need to address plaintiffs' contentions that they are entitled to punitive damages and an award of attorneys' fees.

Entered:  December 21, 2012                    Frances E. Cafarell
                                               Clerk of the Court