■ MS, Respondent, v ARLINGTON CENTRAL SCHOOL DISTRICT et al., Appellants, et al., Defendant. [9 NYS3d 632]—

In an action, inter alia, to recover damages for negligent retention and supervision, the defendants Arlington Central

School District and Arlington High School appeal from so much of an order of the Supreme Court, Dutchess County (Brands, J.), dated September 30, 2013, as denied those branches of their motion which were for summary judgment dismissing so much of the complaint as alleged the negligent retention and supervision of the defendant Christopher Perna, and the negligent supervision of KS, the plaintiff's child, insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the motion of the defendants Arlington Central School District and Arlington High School which were for summary judgment dismissing so much of the complaint as alleged the negligent retention and supervision of the defendant Christopher Perna, and the negligent supervision of KS, the plaintiff's child, insofar as asserted against them are granted.

The defendants Arlington Central School District and Arlington High School (hereinafter together the appellants) established their prima facie entitlement to judgment as a matter of law dismissing so much of the complaint as alleged that they negligently retained and supervised their marching band instructor, the defendant Christopher Perna (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Because the inappropriate conduct by Perna toward KS, the plaintiff's child, occurred after school hours and off school grounds by means of their personal computers and cellular phones, the causes of action alleging negligent retention and supervision cannot provide a basis for liability against the appellants. Although KS first met Perna through the marching band, KS's injuries were not proximately caused by any negligent retention or supervision by the appellants (*see "John Doe 1" v Board of Educ. of Greenport Union Free Sch. Dist.*, 100 AD3d 703 [2012]; *S.C. v New York City Dept. of Educ.*, 97 AD3d 518, 520 [2012]; *Farrell v Maiello*, 38 AD3d 592 [2007]; *Anonymous v Dobbs Ferry Union Free School Dist.*, 290 AD2d 464 [2002]). In opposition, the plaintiff failed to raise a triable issue of fact.

Additionally, the Supreme Court should have granted that branch of the appellants' motion which was for summary judgment dismissing so much of the complaint as alleged negligent supervision of KS, since the appellants established, prima facie, that the wrongful acts occurred outside of the school grounds (*see Begley v City of New York*, 111 AD3d 5 [2013]) and, in opposition, the plaintiff failed to raise a triable issue of fact.

Accordingly, the Supreme Court should have granted those branches of the appellants' motion which were for summary

judgment dismissing so much of the complaint as alleged the negligent retention and supervision of Perna, and the negligent supervision of KS, insofar as asserted against them. Eng, P.J., Dillon, Chambers and Barros, JJ., concur.