■ PAUL MANSON et al., Respondents, v KEJO ENTERPRISES, LLC, et al., Appellants, et al., Defendant. [44 NYS3d 167]—

In an action to recover damages for breach of contract, the defendants Kejo Enterprises, LLC, and Kenneth Bergstol appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Orange County (Onofry, J.), dated August 4, 2014, as, upon an order of the same court dated June 23, 2014, made after an inquest on the issue of damages, is in favor of the plaintiffs and against them in the principal sum of $213,991.64.

Ordered that the judgment is modified, on the law and the facts, by deleting the provision thereof awarding damages in favor of the plaintiffs and against the defendants Kejo Enterprises, LLC, and Kenneth Bergstol for "real estate taxes in the sum of $36,991.64"; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Orange County, for the entry of an appropriate amended judgment.

In 2005, the plaintiffs entered into a contract to sell to the defendants Kejo Enterprises, LLC, and Kenneth Bergstol (hereinafter together the defendants) approximately 36.2 acres of real property in Orange County, on which a single-family residence was situated. The contract provided that the defendants would obtain approval to subdivide the property for a single-family housing development, and that a closing would take place no later than July 2008. Following the parties' execution of the contract, they learned that a portion of the property was a breeding ground for the Northern Cricket Frog, an endangered species. The defendants failed to take steps to

obtain the requisite subdivision approval, or to close as required by the contract.

The plaintiffs thereafter commenced this action against the defendants to recover damages resulting from the defendants' breach of the contract of sale. Following the award of summary judgment to the plaintiffs on the issue of liability, the Supreme Court held an inquest on the issue of damages at which the plaintiffs and the defendants each presented conflicting expert testimony as to the fair market value of the property at the time of the breach. Based on the evidence presented, and by order dated June 23, 2014, the court determined that the property had a fair market value of $15,000 per acre. The court also determined, inter alia, that the plaintiffs were entitled to a damages award for the property taxes that they paid between the time of the defendants' breach in 2008 and a subsequent sale of the property to a third party in 2011.

"In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and we may render a judgment we find warranted by the facts, bearing in mind that in a close case, the trial judge had the advantage of seeing the witnesses" (*Marini v Lombardo*, 79 AD3d 932, 933 [2010], citing *Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]). Here, the Supreme Court properly determined that the property had a fair market value of $15,000 per acre at the time of the defendants' breach. "[T]he measure of a seller's damages for a buyer's breach of a contract to sell real property . . . is the difference, if any, between the contract price and the fair market value of the property at the time of the breach" (*White v Farrell*, 20 NY3d 487, 489 [2013]). "A property's market value is defined as 'the amount which one desiring but not compelled to purchase will pay under ordinary conditions to a seller who desires but is not compelled to sell' " (*Matter of Metropolitan Transp. Auth. [Washed Aggregate Resources, Inc.]*, 102 AD3d 787, 790 [2013], quoting *936 Second Ave. L.P. v Second Corporate Dev. Co., Inc.*, 10 NY3d 628, 632 [2008] [internal quotation marks omitted]; *see Plaza Hotel Assoc. v Wellington Assoc.*, 37 NY2d 273, 277 [1975]). "Generally fair market value is determined by reference to the sales prices of similar parcels in the area. In using this method of valuation, the expert witness begins with the sales prices of the comparable parcels and makes adjustments upon them based upon his own experience to arrive at a probable market price for the subject premises for its highest and best use" (*Matter of City of New York [Rudnick]*, 25 NY2d 146, 148-149 [1969] [citation omitted]).

Here, the court's determination of the property's fair market value was based upon conflicting opinions offered by the parties' respective appraisers concerning the property's highest and best use, and relied primarily upon a comparable sale of nearby property intended for development referenced by the defendants' expert in his appraisal report. Since the court's determination of the land's value was not only within the range of the expert testimony, but also, supported by other evidence and adequately explained, its determination is warranted by the facts and will not be disturbed (*see Marini v Lombardo*, 79 AD3d at 933).

However, the Supreme Court's damages award for the property taxes paid by the plaintiffs between the time of the defendants' breach and the sale of the property to a third party is not supported by the contract of sale, and was not otherwise warranted (*see Alikes v Griffith*, 101 AD3d 1597 [2012]; *Tator v Salem*, 81 AD2d 727, 728 [1981]). Consequently, we modify the judgment accordingly. Leventhal, J.P., Cohen, Miller and Connolly, JJ., concur.