Diederich v Wetzel (2019 NY Slip Op 02063)





Diederich v Wetzel


2019 NY Slip Op 02063


Decided on March 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2015-10410
 (Index No. 4645/11)

[*1]Michael Diederich, Jr., respondent, 
v
Lorraine Wetzel, etc., appellant.


Dwight D. Joyce, Stony Point, NY, for appellant.
Michael D. Diederich, Jr., suing herein as Michael Diederich, Jr., Stony Point, NY, respondent pro se.



DECISION & ORDER
In an action to recover fees for legal services rendered, the defendant appeals from a judgment of the Supreme Court, Rockland County (Thomas E. Walsh II, J.), entered August 12, 2015. The judgment, after an inquest, awarded the plaintiff the principal sum of $150,000.
ORDERED that the judgment is affirmed, with costs.
The plaintiff, an attorney, represented the defendant in various actions over multiple years. After the defendant refused to pay the plaintiff's fees, the plaintiff commenced this action. On a prior appeal, this Court, inter alia, granted the plaintiff's motion pursuant to CPLR 3215 for leave to enter judgment on the issue of liability upon the defendant's failure to appear or answer, and remitted the matter for an inquest on the amount of attorney's fees, if any, to which the plaintiff was entitled (see Diederich v Wetzel, 112 AD3d 883). After an inquest, the Supreme Court awarded the plaintiff the principal sum of $150,000. The defendant appeals from the judgment. In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and we may render a judgment we find warranted by the facts, bearing in mind that, in a close case, the trial judge had the advantage of seeing the witnesses (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499; Manson v Kejo Enters., LLC, 145 AD3d 994, 995). Here, in view of the evidence submitted at the inquest, including, among other things, time sheets showing the time the plaintiff spent working on the defendant's cases, we agree with the Supreme Court's determination awarding the plaintiff the sum of $150,000.
DILLON, J.P., LEVENTHAL, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court