Miller v Miller (2020 NY Slip Op 07760)





Miller v Miller


2020 NY Slip Op 07760


Decided on December 23, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, LINDLEY, AND BANNISTER, JJ.


761 CA 20-00203

[*1]SHEILA (BAILEY) MILLER, AS ADMINISTRATRIX OF THE ESTATE OF THOMAS J. MILLER, DECEASED, AND SHEILA (BAILEY) MILLER, INDIVIDUALLY, PLAINTIFF-RESPONDENT-APPELLANT,
v
PATRICIA A. MILLER, AS EXECUTOR OF THE ESTATE OF MARK MENDY, DECEASED, DEFENDANT, AND MOOG INC., DEFENDANT-APPELLANT-RESPONDENT. 






HODGSON RUSS LLP, BUFFALO (PATRICK J. HINES OF COUNSEL), FOR DEFENDANT-APPELLANT-RESPONDENT.
HURWITZ & FINE, P.C., BUFFALO (PATRICK BARTON CURRAN OF COUNSEL), FOR PLAINTIFF-RESPONDENT-APPELLANT. 


 Appeal and cross appeal from an order of the Supreme Court, Erie County (Christopher J. Burns, J.), entered January 27, 2020. The order granted in part and denied in part the motion of defendant Moog Inc. for summary judgment dismissing the amended complaint against it. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the motion insofar as it sought summary judgment dismissing the ninth cause of action, for breach of fiduciary duty, and as modified the order is affirmed without costs.
Memorandum: In this action, plaintiff seeks damages on behalf of herself and her late husband's estate for an alleged course of harassing conduct that was perpetrated against her and her late husband by Mark Mendy following plaintiff's termination of her relationship with Mendy in September 2006 and continuing through the commencement of plaintiff's relationship with and eventual marriage to her husband in 2008. Moog Inc. (defendant) employed both plaintiff's husband and Mendy for the majority of that time period.
As relevant here, the amended complaint asserted causes of action against defendant for negligent infliction of emotional distress, negligent supervision and retention, constructive discharge, and breach of fiduciary duty. Defendant moved for summary judgment dismissing the amended complaint against it and, alternatively, for dismissal of that complaint as a discovery sanction for spoliation. Defendant now appeals and plaintiff cross-appeals from an order granting the motion with respect to the negligent infliction of emotional distress and constructive discharge causes of action, and otherwise denying the motion.
Regarding defendant's appeal, we reject defendant's contention that Supreme Court erred in denying the motion with respect to the negligent supervision and retention cause of action. "An employer may . . . be required to answer in damages for the tort of an employee against a third party when the employer has either hired or retained the employee with knowledge of the employee's propensity for the sort of behavior which caused the injured party's harm" (Detone v Bullit Courier Serv., 140 AD2d 278, 279 [1st Dept 1988], lv denied 73 NY2d 702 [1988]; see Curtis v City of Utica, 209 AD2d 1024, 1025 [4th Dept 1994]; see generally Lamb v Stephen M. Baker, O.D., P.C., 152 AD3d 1230, 1231 [4th Dept 2017]). "The employer's negligence lies in . . . plac[ing] the employee in a position to cause foreseeable harm, harm which would most probably have been spared the injured party had the employer taken reasonable care in making decisions respecting the hiring and retention of [its] employees" (Detone, 140 AD2d at 279). Thus, there must be "a connection or nexus between the plaintiff's injuries and the defendant's [*2]malfeasance" (Gonzalez v City of New York, 133 AD3d 65, 70 [1st Dept 2015]) such that the "plaintiff has sustained damages that are proximately caused by the alleged misconduct" (Alikes v Griffith, 101 AD3d 1597, 1599 [4th Dept 2012]; see Gray v Schenectady City School Dist., 86 AD3d 771, 773 [3d Dept 2011]).
Defendant contends that it was entitled to summary judgment dismissing the negligent supervision and retention cause of action because there is no evidence of a causal connection between defendant and the alleged acts of harassment committed by Mendy, specifically, that there is no evidence that the harassment was committed using defendant's premises or equipment (see MS v Arlington Cent. Sch. Dist., 128 AD3d 918, 919 [2d Dept 2015]). Although defendant may be correct in contending that plaintiff cannot establish at trial that she or her husband sustained any actual damages as a result of defendant's negligence, "it is well settled that a party moving for summary judgment must affirmatively establish the merits of its cause of action or defense 'and does not meet its burden by noting gaps in its opponent's proof' " (Great Lakes Motor Corp. v Johnson, 132 AD3d 1390, 1391 [4th Dept 2015]; see Atkins v United Ref. Holdings, Inc., 71 AD3d 1459, 1459-1460 [4th Dept 2010]). Here, defendant's reliance, for example, on the absence of evidence conclusively demonstrating the source of certain harassing hang-up calls or a lack of evidence that Mendy utilized defendant's network or equipment to send offending emails, is insufficient to establish its prima facie entitlement to summary judgment as a matter of law. The court therefore properly denied defendant's motion with respect to the negligent supervision and retention cause of action.
We agree with defendant on its appeal, however, that the court erred in denying the motion with respect to the breach of fiduciary duty cause of action. "A fiduciary relationship exists between two persons when one of them is under a duty to act for or to give advice for the benefit of another upon matters within the scope of the relation" (Marmelstein v Kehillat New Hempstead: The Rav Aron Jofen Community Synagogue, 11 NY3d 15, 21 [2008] [internal quotation marks omitted]; see EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19 [2005]). Although the existence of a fiduciary relationship is generally a fact-specific issue, "two essential elements of a fiduciary relation are . . . de facto control and dominance" (Marmelstein, 11 NY3d at 21 [internal quotation marks omitted]). Here, defendant met its initial burden on the motion by establishing that there was no relationship of dependence and trust between plaintiff and her husband, and defendant (see generally EBC I, Inc., 5 NY3d at 19) and that it did not dominate or control the investigation into Mendy or the protection of plaintiff and her husband (see generally Marmelstein, 11 NY3d at 21). Further, the at-will employment relationship between plaintiff's husband and defendant did not create a fiduciary duty on defendant's part (see Serow v Xerox Corp., 166 AD2d 917, 918 [4th Dept 1990]; Budet v Tiffany & Co., 155 AD2d 408, 409 [2d Dept 1989]), and plaintiff left her employment with defendant before the complained-of harassment started.
In opposition, plaintiff failed to raise a triable issue of material fact with respect thereto. We reject plaintiff's contention that certain so-called "last chance" agreements between defendant and Mendy regarding Mendy's continued employment created an independent "legal and fiduciary duty" on the part of defendant to control Mendy or affirmatively protect plaintiff and her husband. In that regard, plaintiff argues that she and her husband were third-party beneficiaries of those agreements, which incorporated defendant's anti-harassment policy (see Jackson v Guardsmark, Inc., 57 AD3d 1409, 1409-1410 [4th Dept 2008]) or, alternatively, that those agreements created a duty on defendant's part under Espinal v Melville Snow Contrs. (98 NY2d 136 [2002]). Initially, even if we were to agree with plaintiff that those documents created a duty on the part of defendant, neither of those theories establish a valid basis for finding that a fiduciary relationship existed here. In any event, contrary to plaintiff's contention, the last chance agreements neither imposed an affirmative duty on defendant to control Mendy nor conferred on plaintiff and her husband the affirmative benefit of seeing to their personal safety (cf. Jackson, 57 AD3d at 1409-1410; Kotchina v Luna Park Hous. Corp., 27 AD3d 696, 697 [2d Dept 2006]). Instead, those agreements detail only what actions Mendy was required to either take or abstain from taking in order to retain his employment with defendant. Thus, there is no legal basis for concluding that defendant assumed a duty of care, much less a fiduciary duty, to plaintiff and her husband by virtue of the last chance agreements (see Espinal, 98 NY2d at 140). We therefore modify the order by granting defendant's motion insofar as it sought summary judgment dismissing the ninth cause of action, for breach of fiduciary duty.
We reject defendant's contention on its appeal that the court erred in failing to determine that the exclusivity provisions of Workers' Compensation Law precluded, at least in part, the claims of plaintiff's husband against defendant (see Maas v Cornell Univ., 253 AD2d 1, 3 [3d Dept 1999], affd 94 NY2d 87 [1999]; Martinez v Canteen Vending Servs. Roux Fine Dining Chartwheel, 18 AD3d 274, 275 [1st Dept 2005]). Defendant correctly concedes that it failed to assert the exclusivity provisions of the Workers' Compensation Law as an affirmative defense, and the record contains no evidence that defendant requested leave to amend its pleadings (see Cole v Rappazzo Elec. Co., 267 AD2d 735, 738 [3d Dept 1999]).
We also reject defendant's contention on its appeal that it was entitled to summary judgment dismissing all of plaintiff's claims to the extent that they sought damages for purely emotional injuries. "A breach of the duty of care resulting directly in emotional harm is compensable even though no physical injury occurred . . . when the mental injury is a direct, rather than a consequential, result of the breach . . . and when the claim possesses some guarantee of genuineness" (Ornstein v New York City Health & Hosps. Corp., 10 NY3d 1, 6 [2008] [internal quotation marks omitted]; see Kennedy v McKesson Co., 58 NY2d 500, 504, 506 [1983]; Cleveland v Perry, 175 AD3d 1017, 1021 [4th Dept 2019]). Here, the duty of care owed by defendant to plaintiff and her husband is recognized in the tort cause of action of negligent supervision and retention, which, as discussed above, remains viable. Further, plaintiff is alleging that she and her husband were each directly harmed by defendant's negligent supervision and retention of Mendy. Thus, this is not a case where a plaintiff witnessed an injury to another or was negligently made a party to the injury of another (see Kennedy, 58 NY2d at 502-503, 506). Further, although it will be plaintiff's burden at trial to establish a causal connection between defendant's alleged negligence and any claimed emotional injury (see generally Cleveland, 175 AD3d at 1021; Gonzalez, 133 AD3d at 70; Alikes, 101 AD3d at 1599), as discussed above defendant has failed to meet its initial burden on the motion inasmuch as it has not established the absence of any such causal connection as a matter of law.
Contrary to defendant's further contention on its appeal, the court did not abuse its discretion by denying defendant's motion insofar as it sought dismissal of plaintiff's amended complaint as a sanction for spoliation of the evidence (see generally Mahiques v County of Niagara, 137 AD3d 1649, 1650-1651 [4th Dept 2016]). At issue is the delay in producing and the loss of certain electronically-stored information related to email accounts of plaintiff and her husband that had been preserved on two hard drives, one of which was later discovered to be inoperable.
The court has broad discretion in determining what, if any, sanction is warranted for spoliation of evidence, and a permissible sanction is " 'an order striking out pleadings or parts thereof' " (id. at 1651, quoting CPLR 3126 [3]). Although such an extreme sanction is generally limited to cases where the destruction of evidence was willful or contumacious, dismissal may be warranted where the moving party establishes that the negligent destruction of evidence " 'depriv[ed] the party seeking a sanction of the means of proving his [or her] claim or defense. The gravamen of this burden is a showing of prejudice' " (id.; see Giambrone v Niagara Mohawk Power Corp., 175 AD3d 1808, 1809 [4th Dept 2019]; Koehler v Midtown Athletic Club, LLP, 55 AD3d 1444, 1445 [4th Dept 2008]).
Initially, we reject defendant's assertion that there is evidence of willful destruction here. Although the relevant hard drives appear to have been negligently forgotten in a safe in the law firm of plaintiff's attorney for approximately seven years, there does not appear to be a dispute that the hard drives of plaintiff and her husband were imaged by a vendor for the purpose of preservation. There is no allegation or evidence that plaintiff or her counsel tampered with those hard drives. Further, defendant failed to offer any evidence to support its assertion that the absence of access to "native electronic files" due to the loss of information on the inoperable hard drive substantially prejudiced, much less precluded, its ability to mount a defense in this action. The court therefore did not abuse its discretion in refusing to dismiss the amended complaint as a spoliation sanction.
With respect to plaintiff's cross appeal, plaintiff first contends that the court erred in granting defendant's motion insofar as it sought summary judgment dismissing the cause of action for negligent infliction of emotional distress (NIED). The court granted the motion with respect to that separate cause of action on the ground that it was duplicative of the negligent [*3]supervision and retention, and breach of fiduciary duty causes of action. Plaintiff does not argue in her main brief on the cross appeal, however, that the separate NIED cause of action was not duplicative or was based on a fiduciary relationship or a duty other than the duty related to negligent supervision and retention. "[B]y failing to address the basis for the court's decision in [her] main brief, [plaintiff] cannot be heard on [her] other contention[] that w[as] not the dispositive basis for the court's decision, and [she] therefore ha[s] effectively abandoned any [contention that the relief sought was not duplicative]" (Haher v Pelusio, 156 AD3d 1381, 1382 [4th Dept 2017], citing Ciesinski v Town of Aurora, 202 AD2d 984, 984 [4th Dept 1994]).
We reject plaintiff's further contention that the court erred in granting the motion with respect to the constructive discharge cause of action asserted on behalf of her husband for the same reason. The court granted the motion to that extent because New York does not recognize a separate cause of action for constructive discharge and, even if it did, the facts did not establish that defendant deliberately rendered the working conditions of plaintiff's husband so unbearable that he was forced to leave. Plaintiff's arguments on her cross appeal address only the latter, alternative determination, and she has therefore effectively abandoned any contention that New York law does in fact recognize an independent cause of action for constructive discharge (see id.).
Entered: December 23, 2020
Mark W. Bennett
Clerk of the Court